Elizabeth Thomas, Executrix of the last will and testament of William H. Thomas, Deceased, *v.* Central Railroad Company of New Jersey, Appellant.

*Negligence—Proximate and remote cause.*

The test of proximate cause is whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause.

*Negligence—Railroads—Flagman—Proximate cause—Improper signal—Parting of freight train.*

In an action to recover damages for the death of a locomotive engineer, against a railroad company which owned the tracks upon which the deceased was running a train for another company by which he was employed, it appeared that, shortly before the deceased's train came to the place of the accident, a flagman employed by the defendant company gave a signal to stop a long train of empty freight cars, and that by reason of this signal, the purpose of which was not explained, the engineer of the coal train stopped, and the rear end of the train which had parted piled up upon the cars ahead, throwing them upon the adjacent track, and leading to a collision in which the deceased was killed. *Held*, that the question whether or not the signal was negligently given by the flagman, and whether or not it was the proximate cause of the accident, were questions for the jury.

*Negligence—Railroads.*

A railroad company cannot be charged with negligence in making up a long train of empty freight cars so that they parted and caused a collision, where there is no evidence that the train was not made up in the manner usual at that time, and the testimony of an engineer tends to show that the parting of long trains was one of the ordinary risks of the business against which he was constantly required to guard.

*Tort—Release from liability.*

A tort feasor is not released from liability by a settlement between the injured party and one not shown to be liable.

*Negligence—Pleading—Allegata and probata.*

In a negligence case against a railroad company where the statement alleges negligence in causing an obstruction to be upon the track, as well as allowing it to remain there, and the proof is that the obstruction was caused by a negligent signal, but there is no proof of negligence in permitting the obstruction to remain until the accident, there is no variance which can be held substantial after a verdict for the plaintiff.

Argued Jan. 5, 1900. Appeal, No. 203, Jan. T., 1899, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1895, No. 309, on verdict for plaintiff. Before GREEN, C. J., McCollum, Mitchell, Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before WILT-BANK, J.

At the trial it appeared that on March 1, 1895, the deceased, who was the engineer of the Philadelphia & Reading Railroad Company's fast express train, known as "The Royal Blue," from Jersey City to Philadelphia, was killed at Bayonne city, by his train running into a wreck of empty coal cars. It appeared that the coal train, which consisted of a large number of coal cars, started for Jersey City somewhat ahead of the express train. At Bayonne a flagman signaled the coal train to stop. The signal was obeyed with the result that the back part of the train which had parted, piled up upon the forward cars, and a number of cars were precipitated upon the adjacent track. There was no explanation why the flagman had given the signal.

Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $8,500. Defendant appealed.

*Errors assigned* were (1) in refusing to admit in evidence release given to the Philadelphia & Reading Railroad Company; (2) in refusing to give binding instructions for defendant.

*Richard C. Dale,* with him *Hazard Dickson,* for appellant.— There was no evidence that justified the submission to the jury

of the question whether or not an erroneous signal had been given.

Even if the jury were justified in finding that in the swinging of the red lamp upon the platform there was a failure on the part of the defendant's servant to perform his duty, the death of plaintiff's husband was not the proximate consequence of such failure: Wood v. Penna. R. Co., 177 Pa. 306; Hoag v. Lake Shore, etc., R. R. Co., 85 Pa. 293; Penna. R. Co. v. Kerr, 62 Pa. 353; Harrison v. Berkley, 1 Strobh. 548; Scott v. Allegheny Valley Ry. Co., 172 Pa. 646.

There was error in excluding defendant's offer of the facts relating to the payment to the plaintiff by the Philadelphia and Reading Relief Association, and the release by her of the liability of her husband's employers: Johnson v. Philadelphia & Reading R. R. Co., 163 Pa. 127; Seither v. Philadelphia Traction Co., 125 Pa. 397.

*John F. Lewis*, with him *F. C. Adler* and *John Adams*, for appellee.—The signal given by the defendant's flagman was a signal to stop, while it should have been a signal that the train had parted.

Whether the signal was made to the engineer and not to the rear portion of the coal train, and whether it was according to the usual course of the business that the engineer should obey that signal, was left to the jury and has been found in plaintiff's favor.

The Philadelphia and Reading Railroad Company was not guilty of negligence and is not a joint tort feasor with respect to the accident which caused the death of plaintiff's decedent.

There is not only no evidence whatever that the coal train was improperly equipped in any manner, or that mingling cars of different sizes and patterns was negligence, but the evidence is uncontradicted that such mingling of the different cars was then the usual practice.

The improper signal by the defendant's flagman was the direct and proximate cause of the death of plaintiff's husband: Bunting v. Hogsett, 139 Pa. 374; Morrison v. Davis & Co., 20 Pa. 171; R. R. Co. v. Reeves, 10 Wallace, 176; Shearman and Redfield on Negligence (5th ed.), sec. 29; Wood v. Penna. R. Co., 177 Pa. 306; Haverly v. State Line, etc., R. Co., 135 Pa. 50.

The case of Penna. & New York Canal & R. R. Co. v. Lacey, 89 Pa. 458, decided in 1879, has facts quite similar to those of Penna. R. Co. v. Kerr, and yet this Court in a per curiam failed to follow that case, but followed instead Penna. R. Co. v. Hope, 80 Pa. 373, and held that the case must go to the jury.

The present case was properly submitted to the jury: Shearman and Redfield on Negligence, sec. 55; Oil Creek, etc., Ry. Co. v. Keighron, 74 Pa. 316; Penna. R. Co. v. Hope, 80 Pa. 373; Lehigh Valley R. R. Co. v. McKeen, 90 Pa. 127; Oil City Gas Co. v. Robinson, 99 Pa. 1; Haverly v. R. R. Co., 135 Pa. 50; Hoehle v. Heating Co., 5 Pa. Superior Ct. 21; Yoders v. Amwell Township, 172 Pa. 447.

There was no error in excluding defendant's offer of the facts relating to the payment by the Philadelphia & Reading Relief Association: Seither v. Phila. Traction Co., 125 Pa. 397; Johnson v. Phila. & Reading R. R. Co., 163 Pa. 127.

OPINION BY MR. JUSTICE MITCHELL, February 5, 1900:

It is admitted that the defendant's employee, the flagman at the place of the accident, gave a signal to stop, and this being acted on by the engineer of the coal train produced the break up of the train and the piling up of the cars on the adjacent track. It is argued for appellant that the parting of the coal train is not proved, but only a matter of inference. There was, however, evidence for the jury that the train had parted. The conductor of the coal train testified that the cause of the cars piling up was " the tail end of the train running into us . . . . the train was parted." But this was not a controlling circumstance. The signal given was to stop, and the jury, under explicit instructions from the judge, guarding most carefully the rights of defendant, have found that it was given to the front of the train, that is, to the engineer. Whether the flagman should have given the signal for a parted train, or had no occasion to give any signal at all, is not important. The signal he did give was to stop the train; no explanation was made why he gave it, nothing appears in the evidence to justify it; the engineer obeyed it, the jury have found that in so doing he was following his duty in the usual course of the business; and as a consequence the collision occurred.

It is further argued that, even admitting that the signal by

the flagman was negligently given, it was not the proximate cause of the accident. This, however, was for the jury. As already said there was evidence that the train had parted, and also that if the front portion of a parted train is suddenly stopped the cars are likely to pile up at the point of collision, where the moving rear end strikes the arrested front. And even without that, the sudden stoppage of a long train of empty cars is manifestly attended with somewhat similar risks. Whether the train had parted or not, if the sudden stoppage caused the piling up of the cars, the question of the cause was for the jury. The test of proximate cause established by Penna. R. Co. v. Hope, 80 Pa. 373, is whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause, the neligence of defendants. And in Hoag v. R. R. Co., 85 Pa. 293, the same test was expressed in the briefer form that the injury must be such a natural and probable consequence of the negligence that it might and ought to have been foreseen as likely to follow the act. Whether we take one form or the other, it is clear that the question of proximate or remote was for the jury: Haverly v. R. R. Co., 135 Pa. 50; Potter v. Gas Co., 183 Pa. 575.

It is further argued that the negligence of the Reading Railroad Company in making up this train of empty cars, if not the proximate, was at least a concurrent cause of the accident, and the court erred in excluding evidence of a settlement and release by the plaintiff of the joint tort feasor. But there was no evidence that the Reading Company was negligent. It is true that the testimony shows a long train of fifty-four empty coal cars, of different sizes and patterns, some of a type not now used, and it is a matter perhaps of fair inference that the danger of the train parting was greater than at the present time when all or most of the cars are equipped with automatic couplers of a standard height. But there was no evidence that the train was not made up in the manner usual at that time, and the testimony of the engineer tends to show that parting of long trains was one of the ordinary risks of the business against which he was constantly required to guard. The evi-

dence of release of the Reading Company was therefore irrelevant.

Lastly, it is urged by appellant that the negligence relied upon for recovery, i. e., the giving of a wrong signal, is not the negligence declared on, which is averred to be "in causing and permitting" an obstruction to be and remain upon the tracks; in failing to notify the decedent in time; and in not keeping the track in a safe and passable condition. It is conceded that, after the piling up of the coal cars and their fall on the adjoining track, no diligence could have notified the decedent's train in time to prevent the accident, and if the case depended on negligence in permitting an obstruction, getting there without fault of defendant, to remain until the collision, the plaintiff's case would fail. But the declaration is upon negligence in "causing" the obstruction to be upon the track, as well as in allowing it to remain there, and whether the negligence proved, in giving a wrong signal, "caused" the obstruction was a question of proximate cause for the jury as already discussed. There was no variance which can be held substantial after the verdict.

Judgment affirmed.