## Quinlan, Appellant, *v.* Philadelphia.

205   309
f 205   313
205   309
d217   ¹120

*Negligence—Municipalities—Hole in street—Fright of horse—Proximate cause.*

In an action against a city to recover damages for personal injuries, it appeared that plaintiff's horse was frightened by stepping into a hole in the asphalt surface of a street, and ran away. Within a square the plaintiff had got the horse partly under control when the carriage collided with a wagon which was in the street, breaking a wheel of the carriage and overturning it. Plaintiff testified that when the horse stepped into the hole, she was about to cross a street and pass in front of a market house

where the passageway for vehicles was narrowed by wagons backed against the curb, that she was driving carefully looking ahead to avoid vehicles, and did not see the hole, and could not see it because of the wagons in front of her, that she looked where she was driving, but could not watch both the surface of the street and the wagons ahead. *Held*, that a nonsuit could not be sustained either on the ground of the contributory negligence of the plaintiff in not seeing and avoiding the hole, or on the ground that the defect in the street which caused the fright of the horse was not the proximate cause of the plaintiff's injury.

The test of proximate cause is whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause.

Argued Jan. 19, 1903. Appeal, No. 272, Jan. T., 1902, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1900, No. 188, refusing to strike off nonsuit in case of Mary Quinlan v. Philadelphia. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McCARTHY, J.

At the trial it appeared that on June 2, 1899, between three and four o'clock in the afternoon, Mary Quinlan, Elizabeth Clark and Nellie Clark were driving in a carriage to which was attached one horse, on Federal street near Seventeenth street in the city of Philadelphia. The horse stepped into a hole, became frightened, ran away and collided with a wagon in the street. There was a market house at Seventeenth and Federal streets, and a number of market wagons were backed in along the curb. Nellie Clark who was driving, testified that she was driving carefully, and was looking ahead in order to avoid running into the wagons in the street.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*Howard A. Davis*, with him *Horn R. Kneass*, for appellants, cited on the question of contributory negligence: Graham v. Philadelphia, 19 Pa. Superior Ct. 292; Ryan v. Ardis, 190 Pa.

66; Merriman v. Phillipsburg Boro., 158 Pa. 78; Easton Borough v. Neff, 102 Pa. 474; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; Elston v. Delaware, etc., R. R. Co., 196 Pa. 595; Foote v. American Product Co., 195 Pa. 190; Glading v. Phila., 202 Pa. 324; Musselman v. Hatfield Borough, 202 Pa. 489.

Cited on the question of proximate cause: Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276; Hoag v. Lake Shore, etc., R. R. Co., 85 Pa. 293; Haverly v. State Line, etc., R. R. Co., 135 Pa. 50; Koch v. Williamsport, 195 Pa. 488; Yoders v. Amwell Twp., 172 Pa. 447; Ide v. Lake Twp., 191 Pa. 182; Bitting v. Maxatawny Twp., 177 Pa. 213; Lowery v. Manhattan Ry. Co., 99 N. Y. 158 (1 N. E. Repr. 608); McDonald v. Snelling, 14 Allen, 290.

*Chester N. Farr, Jr.*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.—The plaintiff was guilty of contributory negligence: Robb v. Connellsville Borough, 137 Pa. 42; Barnes v. Sowden, 119 Pa. 53; Lumis v. Phila. Traction Co., 181 Pa. 268; Shallcross v. Phila., 187 Pa. 143; Graham v. Phila., 19 Pa. Superior Ct. 292; Smith v. Jackson Twp., 20 Pa. Superior Ct. 337: Butler v. Gettysburg, etc., R. R. Co., 126 Pa. 160; Lynch v. Erie, 151 Pa. 380.

The hole in the street was not the proximate cause of the injury: Chartiers Twp. v. Phillips, 122 Pa. 601; Schaeffer v. Jackson Twp., 150 Pa. 145; Hoag v. Lake Shore, etc., R. R. Co., 85 Pa. 293; Penna. R. R. Co. v. Kerr, 62 Pa. 353.

The determination of this question was clearly for the court, the facts being entirely undisputed and free from doubt: Behling v. Southwest Pipe Lines, 160 Pa. 359; Southwest Side Pass. Ry. Co. v. Trich, 117 Pa. 390; Twp. of West Mahanoy v. Watson, 112 Pa. 574.

OPINION BY MR. JUSTICE FELL, April 20, 1903:

The plaintiff's horse was frightened by stepping into a hole in the asphalt surface of the street, and ran away. Within a square the plaintiff had got the horse partly under control when the carriage collided with a wagon which was in the street, breaking a wheel of the carriage and overturning it. The non-suit was entered on two grounds: the contributory negligence of the plaintiff in not seeing and avoiding the hole; and that

the defect in the street which caused the fright of the horse was not the proximate cause of the plaintiff's injury. It can be sustained on neither ground.

When the horse stepped into the hole, the plaintiff was about to cross a street and pass in front of a market house, where the passageway for vehicles was narrowed by wagons backed against the curb. She testified that she was driving carefully, looking ahead to avoid vehicles, and did not see the hole, and could not see it because of the wagons in front of her; that she looked where she was driving, but could not watch both the surface of the street and the wagons ahead. The situation was one of peculiar difficulty because the street was obstructed by vehicles on one side and the passageway narrowed perhaps one third, and because she was obliged to look ahead constantly to avoid vehicles passing in both directions and to avoid the travel on the cross street. A more skilful driver might have avoided both dangers by observing the surface of the street and the course of travel ahead, but the plaintiff cannot be held to the exercise of the highest degree of skill and care. In a case in which this question was carefully considered, Graham v. Philadelphia, 19 Pa. Superior Ct. 292, it was said by the learned president of that court: " It is to be borne in mind that in streets of a large city traversed by trolley cars, there are other perils to be guarded against and much more likely to be encountered and therefore to be expected than such a pitfall in a traveled way as is described in the testimony in this case. The driver of the vehicle must be on the lookout for them and cannot under all circumstances and in every case give his sole and undivided attention to the roadbed. It is impossible therefore to lay it down as an inflexible and unvarying rule of law that he must keep his eyes constantly fixed on the roadbed, and is affected with notice of every defect therein which can be detected by so doing." Whether under all the circumstances the plaintiff was negligent was a question for the jury and not for the court.

On the question of proximate cause the case is clearly with the plaintiff. The negligence of the city in allowing the hole to be in the street caused the plaintiff's horse to run away, and in running he collided with a wagon, breaking and overturning the plaintiff's carriage. There was no break in the

natural sequence of events. If the carriage had been over-turned by striking the curb or a lamp-post or any other fixed object at the side of or in the street, it would scarcely be contended that there was a break in the natural course of events which made the neglect of the city the remote cause of the accident. The presence of a wagon in the street was not the intervention of an independent and efficient agency which in itself produced the injury. It was a condition only upon or through which the first negligent act operated; it added to the danger in which the plaintiff was placed but this was something that should have been foreseen, and the fact that no injury might have occurred but for its presence will not relieve the defendant. "The test of proximate cause is whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause: " Thomas v. Central Railroad Co. of N. J., 194 Pa. 511.

The judgment is reversed with a procedendo.