## CHAPMAN v. PITTSBURG RYS. CO.

(Circuit Court, W. D. Pennsylvania. September 27, 1905.)

### No. 17.

RELEASE—DAMAGES FOR PERSONAL INJURY—EFFECT ON ACTION AGAINST DEFENDANT SEPARATELY LIABLE.

Plaintiff, while employed as a brakeman and riding upon the top of a train of freight cars, was thrown off and injured by striking against a trolley wire across the track, placed by defendant, a street railroad company, at an unsafe distance above the railroad tracks. Plaintiff was a member of the railroad company's relief department, and on receiving benefits from such fund on account of his injury signed a release to the company of liability therefor, as required by the terms of his contract. *Held*, that such release did not operate to discharge the defendant from liability, since it was not a joint tort-feasor with the railroad company, but its acts of negligence, if any, which rendered it liable to plaintiff, were separate and distinct.

At Law. Motion for judgment non obstante veredicto on reserved point.

J. O. Petty, for plaintiff.
Burleigh, Gray & Challener, for defendant.

BUFFINGTON, District Judge. This is an action brought by John Chapman against the Pittsburg Railways Company. The statement alleged the defendant operated a street railway in the city of Pittsburg by an overhead trolley, which crossed the tracks of the Baltimore & Ohio Railroad; that plaintiff was a brakeman on said railroad, and it was his duty to ride on top of freight cars; that "the plaintiff, by reason of the negligence and unskillful placing of said trolley wires used to guy the same too low to allow plaintiff and other persons employed by the Baltimore & Ohio Railroad Company, and being upon the cars thereof, to pass under said trolley wires and wires used to guy the same without coming in contact therewith, was, without notice or warning to him, carried against said trolley wires or the guy wires connected therewith, and was thereby thrown with great force and violence from the car he was on as aforesaid to the ground below." On the trial there was a verdict for the plaintiff which was taken subject to the reserved question:

"Whether the release, offered in evidence, to the Baltimore & Ohio Railroad Company, given by the plaintiff, and the payment of the money therein recited to him, take away from the plaintiff the right of action against the defendant company for damages resulting from the injury at Rankin, Pa., on March 4, 1903."

After argument and careful consideration, we are of opinion the paper in question will not warrant entry of judgment for the defendant street car company. Neither the pleadings nor the evidence averred or showed any joint negligence or joint liability of the defendant and the Baltimore & Ohio Railroad Company. The negligence of the defendant averred in the statement and established by the proof was the act of placing its wires an unsafe distance above the railroad tracks. This was a positive act of commission in the doing of which the Baltimore & Ohio Railroad Company had no part. It may be the latter company was also liable to the plaintiff in failing to notify him of the presence of the wire, but such liability, if it existed, is based on different grounds, namely, a negative act of omission by the railroad and not a positive act of commission. It suffices to say that it is not shown the Baltimore & Ohio Railroad Company was liable as a joint tort-feasor, and in the absence of such proof, the burden of showing which is on the defendant, a release of the Baltimore & Ohio Railroad Company by the plaintiff did not release the defendant. Thomas v. Railroad Company, 194 Pa. 514, 45 Atl. 344. And not only is this the case, but to allow this release to nullify the verdict would be unjust and inequitable on other grounds. It is not contended the release deprived the defendant of any right it possessed or subjected it to any additional burden or liability. The defendant simply insists on giving a technical effect to the release, but without any equity to stand on. The proofs show the plaintiff contributed in wages toward the

140 F.—50

maintenance of the relief department of the Baltimore & Ohio Railroad Company; indeed, having been employed but a short time, all his wages were retained by the company as his contribution thereto. In case of accident or sickness of an employé, he draws relief from this fund without reference to the question of liability by the company. Before paying such indemnity, the company requires, in pursuance of a previous agreement, a release from liability by the employé, which agreement the Supreme Court of Pennsylvania has held is not void as against public policy. Johnson v. Philadelphia & Reading Company, 163 Pa. 127, 29 Atl. 854. Now by the terms of the release itself it appears that nothing was paid the plaintiff, except the indemnity due him from the fund, and that nothing was paid for the release. Moreover, the testimony is uncontradicted that the money was paid and received and the release given with the understanding by both parties that it was not to affect the rights of the plaintiff against the street car company. It will therefore appear the plaintiff has never received any satisfaction from any source for the injury he sustained. To hold the release given when the indemnity was paid him worked a satisfaction of his claim against the defendant would be to give the paper an effect which neither the parties or legal principles ever contemplated. McLarren v. Robertson, 20 Pa. 129; Pierce v. Sweet, 33 Pa. 158; Rapp v. Rapp, 6 Pa. 51.

The motion for judgment non obstante veredicto is therefore refused, and the clerk will enter judgment on the verdict for the plaintiff.