## JOINT TORT FEASORS NOT JOINT DEBTORS.

### Circuit Court of Cuyahoga County.

### EMIL HEYNDRICKS v. H. J. FAUDEL.

### Decided, October 19, 1908.

*Joint Tort Feasors—Release of One Releases All.*

Joint tort feasors are not joint debtors, within the purview of Revised Statutes, Section 3166, which provides that one joint debtor may compromise the claim against himself alone, without releasing his joint debtor.

*Frank Higley*, for plaintiff in error.

*E. J. Pinney*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Heyndricks brought suit against Faudel alleging that Faudel sold to George Cooper & Co., a certain grindstone to be by said Cooper & Co. placed in their factory upon a shaft which would cause said grindstone to revolve very rapidly; that when so placed and caused to revolve, plaintiff and other employes would be working at and near to said grindstone and would be likely to be injured if said grindstone should separate and parts of it be thrown off; that said grindstone was defective and unfit to use, as aforesaid, by reason of which defect, while this plaintiff was in the employ of said George Cooper & Co., working at said grindstone while the same was rapidly revolving and being used as the defendant knew it was to be used, said grindstone separated and pieces of same were thrown against plaintiff and injured him, and he prays for damages.

The defendant, by an amended answer, admitted the sale of a grindstone to Cooper & Co., that a grindstone in the factory of Cooper & Co. broke at the time stated in the petition and that plaintiff was thereby injured; alleges that plaintiff's negligence caused or contributed to his injury and denies all other allegations of the petition.

For a second and further defense the amended answer avers that after the plaintiff was injured, he made a demand on said George Cooper & Co. for compensation for the injury received by him in said accident, because of the negligence of said Cooper & Co. in the premises; that said Cooper & Co. paid the plaintiff the sum of $175 which the plaintiff received and accepted in full discharge of all liability of said Cooper & Co. on account of said injury, wherefore defendant says plaintiff is barred from prosecuting this action.

To this amended answer the plaintiff replied, admitting that he had received said sum of $175, for which he executed and delivered to said Cooper & Co. a written receipt in the following words:

"CLEVELAND, O., Aug. 5, 1905.

"Received from R. C. Cooper, Drusilla Cooper and Mary E. Whitelaw, a co-partnership, known as George Cooper & Company, the sum of one hundred and seventy five ($175) dollars, which I (being of lawful age) acknowledge to be in full accord and satisfaction of a disputed claim against the said R. C. Cooper, Drusilla Cooper and Mary E. Whitelaw, a co-partnership, known as George Cooper & Company, growing out of a bodily injury sustained by me on or about March 1, 1905, for which bodily injury I have claimed said George Cooper & Company to be legally liable, which liability is expressly denied, and in consideration of said sum so paid, I hereby remise, release and forever discharge the said George Cooper & Company, their heirs, successors, administrators and assigns from any and all actions, claims and demands for, upon or by reason of any damage, loss, injury or suffering, which heretofore has been, or which hereafter may be sustained by me in consequence of such accident and injury.

Witness my hand and seal the day and date first above written.

"EM HEYNDRICKS."

The plaintiff says, however, that said sum was paid to him not by said Cooper & Co. but by the Travelers Insurance Company of Hartford, Connecticut.

He says that said insurance company was under contract with said co-partnership, George Cooper & Co., to indemnify them

against loss by reason of liability imposed by law upon said copartnership for damages on account of bodily injury accidentally suffered by any employe of said partnership in its place of business.

He says such payment was made to him after he made claim against said Cooper & Co. as well as the defendant in this action, that they were liable to him for damages on account of said injury; that the release and receipt mentioned was executed in consideration of such payment, and he says that he is not therefore barred from prosecuting the present action.

To this reply the defendant filed a general demurrer, which was sustained, and the plaintiff not desiring to plead further, judgment was entered for the defendant upon the pleadings, to reverse which the present proceedings are prosecuted. The question then presented is whether the court erred in sustaining the demurrer.

First, it may be said that we hold that the effect of the payment made to the plaintiff by the insurance company and the execution of the receipt, is the same as though the payment had been made by Cooper & Co. The reply shows that the insurance company was to pay whatever liability should be incurred by Cooper & Co. on account of such accidents; the receipt was given to Cooper & Co. and had the effect to release it from the liability which the plaintiff claimed against it. Surely in the absence of fraud in obtaining this receipt, the plaintiff could not have maintained an action for this injury against Cooper & Co. after having received this money and given this receipt.

Our attention is called to Sections 3162, 3164 and 3166, Revised Statutes.

Section 3162 provides that when a partnership is dissolved, any partner may compromise with any creditor of the firm, and such compromise shall be a release for such partner, and for him only.

Section 3164 provides that such compromise made by a single partner shall not be a release to any other partner.

Section 3166 provides in these words:

''The above provisions in reference to partners shall extend to other joint debtors, who may incidentally compound or compromise for their joint indebtedness, with the like effect in reference to creditors and to joint debtors of the individuals so compromising, as is above provided in reference to partners.''

We understand this to apply only to cases where the indebtedness is upon contract or judgment, and does not include cases where, whatever liability exists, is because of a joint tort.

In *Spencer* v. *Spencer,* 35 Bulletin, 4, it is said that the release of one of two joint wrongdoers upon a joint judgment against the two does not release the other, but this is put upon the ground that when the claim is reduced to judgment it becomes a debt so as to bring it within the statute.

The word ''debt'' is defined in Anderson's Law Dictionary as: First, ''A liquidated demand''; ''a sum of money due by certain and express agreement''; ''a sum of money due by contract,'' etc. He, however, gives further definitions, including a sum of money due upon a judgment, and a sum of money owing upon a contract, express or implied, whether the same be due or not.

We hold that one who commits a tort is not a debtor to the party injured, so long as his obligation is not liquidated by judgment or otherwise.

It is, however, urged that if the one who is injured by the wrongdoing of others or another, makes a claim against two as joint tort-feasors, and compromises with and releases one, it will not release the other, provided that he with whom the settlement was made was not in fact liable for the injury.

In support of this contention attention is called to cases in several of the American states, among them being:

*Railway Co.* v. *McWherter,* 59 Kan., 345, where the doctrine is distinctly held. Also *Turner* v. *Hitchocock,* 20 Iowa, 310, and *Bridge Co.* v. *Hall,* 125 Indiana, 220.

*Thomas* v. *Railroad Company,* 194 Pa. State, 512, is said by plaintiff in error to support the same doctrine, but an examination of the case does not make it clear that it does so hold. This case was decided in 1900; the same court in an earlier case distinctly held the contrary, as shown later on in this opinion. The

contrary doctrine is held in other cases and in the case of *Tompkins* v. *St. Ry. Co.,* 66 California, 163, some very forcible language is used, which to me, speaking only for myself, is convincing. On page 167 of this opinion this is said:

"It is urged by counsel for appellee that the rule only applies where the money is paid by, or the release executed to, one who is himself actually guilty of the wrong or negligence. If it be conceded that a release to or receipt of money in alleged satisfaction from one not himself a trespasser, will not discharge those actually guilty, the question still remains: can the plaintiff, under the circumstances, be permitted to deny that the Sutter Street Railroad Company was guilty of negligence directly contributing to the injuries by her received? Reading the release and stipulation in the record, it is plain the $550 was paid in settlement of the action pending, insofar as the cause of action alleged constituted a claim against the Sutter Street Railway Company.

"The compromise of an asserted claim does not necessarily involve an admission on the part of him against whom the claim is asserted, that the claim is well founded. But one who, having commenced an action against another, has received money in consideration that the action shall be dismissed, or that any judgment he may recover shall not be enforced, ought not to be permitted to deny that he received the money in satisfaction of a valid demand. The defendant paying the money may subsequently say: 'I did not, and do not, admit that I ought to have paid anything; I was willing to buy my peace.' But the other party ought not to be allowed to deny that he had any right to the money, the payment of which he had induced under pain of the prosecution of an action already commenced. He should not be permitted to say, with any beneficial result to himself, 'I pursued the defendant *falso clamore,* and I took his money by way of settlement of a pending action in which I never could have recovered.' Shall it be said that plaintiff has not received compensation for the injuries she sustained, because she did not choose affirmatively to prove that the negligence of the party from whom she received the money contributed to the injuries?"

In the case of *Seilher* v. *Traction Co.,* decided by the Supreme Court of Pennsylvania, in 1889, reported in 17 Atlantic, 338, in the opinion of the case this language is used:

"In the opening sentence of the printed argument in this case we find the following:

" 'The evidence offered by the plaintiff proves that while riding in a car of the People's company he was injured by a collision due entirely to the negligence of the traction company; the carrying company and its agents being absolutely without fault.' At the time this paragraph was written the plaintiff had in his pocket the sum of $6,000 which he had received from the company which he now says was 'absolutely without fault.'

"A case so unique as this might be supposed to stand alone in the books. *Tompkins* v. *Railroad Co.*, 66 Cal., 165; 4 Pac. Rep., 1165, is, however, its exact counterpart."

The California case referred to is that from which quotation has been made in this opinion.

In the case of *Thompson* v. *Railroad Company, supra,* no mention is made of this case of *Seither* v. *Traction Co.,* but whatever holding we might make on this point, if the case required that it be decided, we hold that the plaintiff in this case, as the pleadings stand, is barred by the settlement made with Cooper & Co., for the reason that, under all the authorities, in order to recover, he must show that Cooper & Co. were not in fault. Since he must show this by evidence, he must allege it in his pleadings. This he had not done and it follows that the judgment of the common pleas was right and it is affirmed.