## DOUBLE RECOVERY POSSIBLE FOR INJURIES SUFFERED FROM MOB VIOLENCE.

Court of Appeals for Jefferson County.

EDITH M. GRIFFITH, ADMINISTRATRIX OF THE ES-
TATE OF GEORGE A. GRIFFITH, DECEASED, V.
PHILLIPS SHEET & TIN PLATE COMPANY.

Decided, December Term, 1916.

*Damages Recovered From County—For Injuries Suffered by Reason of Mob Violence—Not a Bar to Recovery From the Tort Feasor— Whose Negligence Was the Proximate Cause of the Injury.*

An action to recover damages for negligently causing the death of a person, against the party guilty of the negligent acts, is not extinguished by a former recovery and payment of a judgment, against the county, under the provisions of Sections 6278 to 6283, inclusive of the General Code, for the death of the same person from injuries received from lynching by a mob, unless the county is with the party charged jointly guilty of the same negligent acts.

*W. R. Alban,* for plaintiff.
*P. P. Lewis,* contra.

POLLOCK, J.

The plaintiff in error brought an action in the court of common pleas of this county against the defendant in error, alleging that during a strike at the defendant company's tin mill in this city a riot occurred on the streets and in that riot her intestate, George A. Griffith, was shot and killed by an employee of the defendant company; and that his death was caused by the negligence of the defendant company in arming this employee with the gun that caused the death of her intestate.

In that action the Phillips Sheet & Tin Plate Company, defendant, answered and in its second defense alleged that the plaintiff, prior to the bringing of this suit, maintained an action against Jefferson county, Ohio, under provisions of Section 6278 to 6283 inclusive, to recover damages for the death of her intestate from

injuries received from lynching by the mob, and in that case she recovered a judgment which was afterwards paid by the county.

A demurrer was filed by the plaintiff to this defense in the answer and overruled by the court below. The plaintiff not desiring to plead further the action was dismissed, and this proceeding in error is now prosecuted to reverse that judgment, for error of the court in overruling the demurrer.

The claim is made by this defense, that, as plaintiff had received from the county satisfaction for the damages that had been sustained by the death of her intestate, she could not now maintain an action to recover damages from this defendant for its negligence which caused his death.

The principle is well established that satisfaction received by the person wronged from one of several joint tort feasors, for damages caused by their joint wrongful act, is a bar to any recovery from the remaining wrongdoers. *Ellis* v. *Bitzer*, 2 Ohio, 89; *Turner* v. *Hitchcock*, 20 Iowa, 310, and the authorities cited in the opinion.

This rule is based upon the principle that as each wrongdoer is personally engaged in the wrongful act he sanctions all that has been done, and is considered in law as having committed the entire tortuous act, and hence, there is but one injury and the party can have but one satisfaction for the single act.

The county and the sheet and tin plate company are not joint tort feasors. The county was not jointly negligent with the defendant in the commission of the negligent acts alleged to have been committed by it. For that reason the principle applied in the case of joint actors in the commission of a negligent act does not necessarily prevail in this case. The county's liability is created only by statute. No such liability arose at common law. The legal representative of a person dying from injuries received from a mob, as that term is defined in the sections of the General Code referred to, can recover regardless of whether the county or any of its officers or agents were negligent or not.

Section 6282 of the General Code, so far as it refers to the right to recover reads as follows:

"Section 6282. The legal representative of a person dying from injuries received from lynching by a mob, may recover of the county in which such injury occurred, a sum not to exceed five thousand dollars damages for such unlawful killing."

The mere fact that death occurred from lynching by a mob allows the representative to recover damages. While the liability of the defendant company for damages resulting from the death is statutory, yet the statute only extended to the representative of the deceased the same right to recover which the person injured would have had at common law if he had survived the injuries.

The right to recover against the defendant company only exists if its negligent act proximately caused the injury. It is true that the amount of the recovery against both the county and the defendant is based upon the amount of damages or loss that those entitled to recover have sustained from the death of the party, but the county is an entire stranger to the act which caused the liability of the defendant. It is not because there has been full satisfaction of the ultimate loss sustained that a recovery from one joint wrongdoer prevents a recovery from the others, but it is because there has been a satisfaction for one wrongful act, that the remaining wrongdoers are released. Because the plaintiff has recovered from the county for the death of her intestate, which was caused by the wrongful acts of a mob, does not in any way compensate for the loss which she sustained by reason of the negligent act of the defendant company, if it were negligent.

Because some one, wholly disconnected with the wrongful act charged against the defendant, may have compensated the person wronged for the loss sustained by the death of plaintiff's intestate, does not relieve the defendant from responding in damages as compensation for the wrongful act which it committed. This principle is sustained in the case of *Missouri, K. & T. Railway Co.* v. *McWheter*, 59 Kans., 345 (53 Pac., 135), as follows:

"1. The rule that a settlement by and discharge of one of two or more joint wrongdoers, operates as a discharge of both

has no application unless both are guilty of the wrongful act. A settlement with and discharge of one not in fact guilty will not affect the liability of the wrongdoer." *Iddings* v. *Citizens State Bank,* 92 N. W., 578; *Thomas* v. *Central R. Co.,* 45 Atl., 344; *Fox* v. *Michigan Central R. R. Co.,* 68 L. R. A., 336; *Chapman* v. *Pittsburg Railway Co.,* 140 Fed., 784; *Pittsburg Railway Co.* v. *Chapman,* 145 Fed., 486; *Atlantic Dock Co.* v. *The Mayor et al,* 53 N. Y., 64.

In the syllabus of the last case the court said:

"The cause of action *ex delicto* is not extinguished by recovery and satisfaction of a judgment against a stranger in no wise joined in liability with the defendant for the full amount of damages claimed, nor is the plaintiff estopped thereby. The adjudication only acts as estoppel between the parties thereto or those in privity with them."

A recovery of a judgment against the county, by virtue of Sections 6278 to 6283 inclusive of the General Code, in favor of a legal representative, for damages for the unlawful killing of a person by a mob and the payment of the judgment by the county, will not bar a recovery of damages by the same party against a second party who is guilty of negligence which proximately caused the death of the same person, where it is not shown that the county was guilty of the negligent act charged against the second party.

Judgment reversed.   Exceptions noted.

SPENCE, J., and METCALFE, J., concur.