## Stemmler et al. *v.* Pittsburgh, Appellant.

*Negligence—Municipalities—Defect in street—Proximate cause —Case for jury—Contributory negligence—Verdict—Excessive verdict.*

1. The test of proximate cause in a negligence case is whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause.

2. It is for the jury to say whether a hole in a street is the proximate cause of an injury to a bicyclist, where the evidence shows that the wheel of a passing truck dropped into the hole, and threw small stones or gravel into the bicyclist's face, causing the loss of an eye.

3. In such case, the question of plaintiff's contributory negligence is for the jury, although the evidence shows that he was familiar with the condition of the street, and that there were other but more distant routes that he might have taken.

4. Where dangers are of such a character that the street may be used with safety by the use of reasonable care, notwithstanding its defective condition, the question of contributory negligence is for the jury.

5. If, in such case, the injuries had resulted from plaintiff's riding into the hole, a different question would have arisen.

6. A verdict of $10,000 will not be deemed excessive in an accident case, where the plaintiff lost one eye and the partial use of another, and was physically handicapped in earning a living and was permanently disfigured and otherwise inconvenienced.

Argued October 1, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 111, March T., 1926, by defendant, from judgment of C. P. Allegheny Co., July T., 1923, No. 52, on verdict for plaintiff, in case of Milton E. Stemmler, Jr., a minor by his father and next friend, Milton E. Stemmler, Sr., v. City of Pittsburgh. Affirmed.

Trespass for personal injuries resulting from defect in street. Before MOORE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,305.04. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Benjamin L. Steinberg*, with him *Charles A. Waldschmidt*, City Solicitor, for appellant.—The hole was not the proximate cause of the accident: Bruggeman v. York City, 259 Pa. 94.

Plaintiff was guilty of contributory negligence: Shepherd v. Phila., 279 Pa. 333; Haven v. Bridge Co., 151 Pa. 620; Boyle v. Boro., 187 Pa. 1; Purcell v. Riebe, 227 Pa. 503; Rufo v. Phila., 58 Pa. Superior Ct. 638.

The verdict was excessive.

*Thomas M. Marshall,* with him *R. P. & M. R. Marshall,* for appellee.—The hole in the street was the proximate cause of the accident: Henry v. Phila., 264 Pa. 33; Quinlan v. Phila., 205 Pa. 309; Euler v. Pittsburgh, 85 Pa. Superior Ct. 542; Koch v. Williamsport, 195 Pa. 488.

Plaintiff was not guilty of contributory negligence: Tubbs v. Boro., 262 Pa. 203; Steck v. Allegheny, 213 Pa. 573; Miller v. Boro., 39 Pa. Superior Ct. 597.

The verdict was not excessive.

OPINION BY MR. JUSTICE FRAZER, November 22, 1926:

Plaintiff sued for the loss of an eye due to injuries sustained while riding a bicycle on a public highway in the City of Pittsburgh. He was on his way to work at the time the accident happened, and the roadbed over which he passed contained many ruts and holes in which mud and water had collected. While passing a truck traveling in the opposite direction, one of its wheels dropped into a hole in the cartway approximately a foot deep, causing mud and water to splash in plaintiff's face. Small stones or gravel in the mud penetrated his left eye, causing injuries which resulted in the loss of the eye eight months later. In an action against the city, the jury returned a verdict in his favor for $10,305.04 and defendant appealed.

It is undisputed that the roadbed of the street was in an extremely defective condition and had been in such state and growing gradually worse for practically two years before the accident. It is also conceded that plaintiff was familiar with the road and its condition, having used it daily to and from his work. The contention of defendant is that, assuming the city was negligent in failing to maintain the road in proper repair, such condition was not the proximate cause of plaintiff's injury. The text of proximate cause is "whether the facts constitute a continuous succession of events so linked together that they become a natural whole, or whether the chain

of events is so broken that they become independent, and the final result cannot be said to be the natural and probable consequence of the primary cause": Thomas v. Central Railroad of N. J., 194 Pa. 511, 515; Quinlan v. Phila., 205 Pa. 309, 313. It is true in this case, as argued by defendant, there would have been no accident had the wheel of the truck not thrown stones and mud from the bottom of the hole upon and into the face of plaintiff. But, on the other hand, the accumulation of mud and water in holes permitted to remain in a highway is a natural result to be anticipated, as is also the resulting splashing of such substances by reason of the wheels of passing vehicles dropping into the cavities. The passing of vehicles over the highway, striking the hollow places with the wheels, and consequent splashing of water and mud, especially where, as here, the defective portions were so numerous as to render avoiding them all a practical impossibility, presented a natural and unbroken chain of events resulting from the faulty condition of the highway. There is a clear distinction between the facts here involved and those presented in Bruggeman v. City of York, 259 Pa. 94, cited by defendant. In that case the plaintiff, while sweeping dirt from the street in front of her house, moved a coil of wire lying in the gutter and while doing so the wire sprang back, throwing mud into plaintiff's face, and causing the loss of her left eye We there held the proximate cause of the injury was the coil of wire set in motion by the act of plaintiff, and not the muddy condition of the street. The conclusion there reached was based on the theory that the accident was not a natural and probable result of permitting the mud and filth to remain in the street, and, consequently the city was not bound to anticipate the accident which happened. Here the splashing of the mud was a natural and probable incident to the use of the street by vehicles in wet weather, hence the chain of events between the defects in the street and the accident remained unbroken. In our opinion the case is ruled by Henry v.

Phila., 264 Pa. 33, where we held it was for the jury to say whether a defective street was the proximate cause of an injury to a pedestrian caused by being struck by the wheel of a passing city patrol wagon which broke from the axle in striking a defect in the roadway and was thrown against the pedestrian on the sidewalk.

As to the contributory negligence of plaintiff, it appears there were other though more distant routes which he might have taken in going to and from work. There is no doubt as to his familiarity with the condition of this particular street, as he had traveled over it daily for at least two years. Had his injuries resulted from a fall from his wheel due to striking defective paving which was plainly visible to him, a serious question as to his right to recover would be before us; it might well have been held that the danger from such source was so imminent that plaintiff was negligent as a matter of law. But as to this we need express no opinion. The accident we are here considering did not result from a danger so obvious or imminent that the traveler, in the exercise of ordinary care, ought not to have undertaken to use the highway. Where the danger from the defective street is imminent, one who, with full knowledge of the conditions, undertakes to use it, may be held to have assumed the risk and be declared guilty of contributory negligence as matter of law. Where, however, the dangers are of such character that the street can be used with safety by the exercise of reasonable care, notwithstanding its imperfect condition, the question of contributory negligence is for the jury: Steck v. City, 213 Pa. 573. Although the condition of the street was obvious, and the danger of plaintiff's falling from his wheel if he rode into a defect might have been considered imminent within the above rule, plaintiff's injury did not result from this cause, but from a source neither obvious nor imminent. Whether he exercised reasonable care in using the highway under the

circumstances was for the jury, and the question was fairly submitted by the trial judge.

The verdict is not so excessive as to require a reversal by this court. Plaintiff's injury was of a painful character and the loss of his left eye has, to some extent, affected his use of the other. Since his eye was removed it has been replaced by an artificial one which gives him trouble at times and must be removed at night and frequently during the day. The testimony is that the artificial eye will require renewing every six months. Plaintiff is not only physically handicapped in earning a living, but permanently disfigured and otherwise inconvenienced. Under the circumstances the verdict is not excessive.

The judgment of the court below is affirmed.