**HINDMAN v AKRON (city)**

Ohio Appeals, 9th Dist, Summit Co

No 3020. Decided June 27, 1938

Brouse, McDowell, May & Bierce, Akron, for Appellee.

Wade DeWoody, Dir. of Law, Akron, and Harold L. Mull, Asst. Dir. of Law, Akron, for Appellant.

**OPINION**

By ROSS, PJ.

The plaintiff brought suit against the city of Akron for damages, predicated upon injuries received by her when she was knocked down by an automobile driven by Thomas Howard on Albrecht avenue in the city of Akron.

The record develops that Albrecht avenue is a street running eastwardly from the Canton highway, that the thoroughfare is paved with concrete upon only the north half thereof, that the other half of the street is gravel or dirt, that between extreme lines the street is sixty feet wide, that a sewer was being constructed under the north sidewalk of Albrecht avenue, and the excavated dirt for a distance of some 200 feet was thrown up and upon the paved portion of the street, and had been there for some considerable time previous to the time the plaintiff was injured, that no warning lights were maintained upon the pile of dirt and no city lights were in the immediate vicinity of the excavation, that the excavated dirt covered almost the entire portion of the street paved with concrete. The portion of the street left open for traffic varied somewhat with the extent of the dirt pile, but the evidence is clear that enough space was left between the dirt pile and high tention poles on the south side of the street to permit two automobiles to pass each other. There was no sidewalk on the south side of the street, but there was a beaten path just inside of the line of poles. Barriers were erected by the City at each end of the dirt pile, extending from the north edge of the sidewalk southwardly across the pile of dirt.

The plaintiff on the night of her injury wished to pass west along the sidewalk on the north side of Albrecht avenue. Reaching the barrier across the sidewalk, she crossed the street to the south, passing the east end of the dirt pile and came to the south side of the street. Here there was no sidewalk—merely a dirt path running along just south of the line of poles. She was a deaf mute.

Thomas Howard, at the same time, was driving his automobile eastwardly along the south side of Albrecht ave-

nue. A passenger in his automobile stated the lights on the vehicle illuminated the road some 150 feet ahead. Howard had driven some distance along the pile of dirt when he observed another automobile approaching him from the east. When the vehicles were some twenty feet away, Howard swerved his car to the south in order to give the oncoming automobile more room to pass. His passenger stated that he, the passenger, did not see the plaintiff. We do not know what Howard saw, for he did not take the stand. In any event, the automobile, driven by Howard, struck the plaintiff, knocking her down, and caused severe injury to her.

The passenger states that the automobile was not going more than twenty miles an hour when it struck the plaintiff. Be that as it may, the radiator was shoved back against the engine. The car was a "Fast Four Dodge Sedan."

Now it is asserted that the pile of dirt constituted a nuisance, which, at least, was a contributing cause of the injuries suffered by the plaintiff.

There is not even a scintilla of evidence in the record that such was the case. Had Howard come suddenly upon an obstruction in the street, of which he had no knowledge, and, in order to avoid damage to himself or his property, had turned away and struck and injured the plaintiff, then there would be presented a situation of an emergency, and the static element which produced it could be found by a jury to be a contributing cause to the damage which followed automatically upon the way chosen by the driver to avoid injury to himself or property. Such is not the case here. Howard had been along the same street and knew of the location of the dirt pile. He drove along it some distance the night of the injury before turning out to avoid the oncoming car.

Every element of the evidence points to the conclusion that the plaintiff suffered injuries occasioned by the negligence of Howard in the operation of his automobile.

Much is made of the fact that there were not lights upon the pile of dirt, or street lights in the vicinity. This again is of no avail, since it is perfectly apparent that Howard knew of the obstruction in the street and had been avoiding it for some time before the collision with the plaintiff. There undoubtedly would have been no different solution had the area been brilliantly lighted. As far as the plaintiff is concerned she must have had abundant light upon her pathway from the two approaching vehicles. She evidently deemed herself to be in a place of safety, and would have been, had it not been that Howard chose to go so far to the south.

This court held in **Flamm v Coney Island Co., 49 Oh Ap 122,** that the existence of negligence and injury alone were not sufficient to establish liability, but that the proximate causal connection between the two must be proved as an element of the case of the plaintiff. So here, it is apparent that although the pile of dirt be considered a nuisance, no causal connection is shown between such obstruction and the injuries suffered by the plaintiff.

The case of **Sobolovitz v Lubric Oil Co., 107 Oh St 204,** cited in the Flamm case, is also here pertinent. See also: **Railway Company v Staley, 41 Oh St 118.**

In **City of Hamilton v Dilley, 120 Oh St 127,** the syllabus is:

"1. The duty imposed upon municipalities in Ohio by §3714, GC, to keep its streets free from nuisance, is an exception to the rule of common law that no liability attaches to a municipality for negligence in the discharge of a governmental function.

"2. It is the province of the court to define a nuisance and the province of the jury to determine whether the circumstances of the particular case come within the definition of a nuisance."

The pile of dirt itself could come under no proper definition of nuisance. The City was engaged in the construction of the sewer proceeding under a governmental function. The fail-

ure to light the pile of dirt could only be effective to create a nuisance, if such failure caused those approaching it to be unaware of its exist- ence. An unlighted obstruction could only be a nuisance when persons affected were unaware of its presence and extent. The City, therefore, committed no unlawful act as far as the parties here involved were concerned.

The case of **City of Mingo Junction v Sheline, Admx., 130 Oh St 34,** is in point.

See also: **Mossman, etc. v City of Cincinnati, 10 OO 335; Galluppi, etc. v Youngstown, 55 Oh Ap 331; 28 O. Jur., Municipal Corporations, §§618 and 624.**

It is apparent, that, giving the contention of the plaintiff its farthest implication, the pile of dirt could be but the very remote cause of her injuries. The speed of Howard's automobile—his limited lights—his violation of the rules laid down in **Skinner v Pensylvania Rd. Co., 127 Oh St 69,** and **Gumley, Admr. v Cowman, 129 Oh St 36,** the failure of the driver of the vehicle proceeding in the opposite direction to concede Howard sufficient space to pass—are intervening causes which definitely forbid any conclusion that the pile of dirt could be the proximate cause of plaintiff's injuries.

The judgment is reversed, and judgment will be entered here for the defendant, as the trial court should have done in response to the motion of the defendant at the conclusion of the evidence.

HAMILTON, J, concurs.

HORNBECK, J., dissenting:

I respectfully dissent from the majority decision entering final judgment for the defendant.

The opinion in the main is predicated upon legal propositions, none of which was advanced by counsel, and therefore neither party had the opportunity to brief the questions. The majority finds that there was no nuisance; that the negligence of Howard, the driver of the car which struck plaintiff, was the proximate cause of her injuries, or possibly the "failure of the driver of the vehicle proceeding in the opposite direction to concede Howard sufficient space to pass"; that in no view of the facts could the condition of the street at and about the place where the automobiles passed have constituted a proximate cause of plaintiff's injury.

It has many times been held that the maintenance of a street of a municipality in an unsafe condition constitutes a nuisance. **Village of Cardington v Admr. of Fredericks, 46 Oh St 442; City of Cincinnati v Darby, Admr., 5 N. P. (N.S.) 216; City of Hamilton v Dilley, 120 Oh St 127, at p. 132.**

Without analyzing the testimony, it is sufficient to say that upon the condition of the street at and along the excavation, as it appeared on the night when plaintiff was injured, there was presented a question for the jury whether or not it constituted a nuisance.

It may be conceded that Howard was negligent in driving his automobile prior to and at the time when plaintiff was struck. It does not, however, appear that as a driver he was familiar with the physical situation with which he was confronted when the accident occurred. The record discloses that he had been over this thoroughfare but once before since it was in the same condition as on the night of the accident, and then as a passenger—not as a driver. But the concession of his negligence does not preclude a finding against the City if there was a nuisance in the street and it and the negligence of Howard were proximate causes of plaintiff's injury. The third party involved, namely, the driver of the car approaching Howard's automobile, was along the side of the excavation and the piles of dirt which extended out to within twelve inches of the south edge of the improved highway. The record will permit of the inference only that the oncoming driver was exercising due care, nor can it be assumed that he was familiar with the situation. As there were no lights along the excavation, no guard rails and no watchman

to apprise him of the true situation, it was only the exercise of ordinary care on his part to keep well to the south of any and all of the dirt from the excavation. It was this factual situation which forced him to so encroach upon the pathway of Howard as to require him to swerve to pass the oncoming automobile.

It may be that had Howard stopped his automobile he would not have struck the plaintiff; but it is just as probable that the cars would have collided, because the only place left for Howard to move was to the south of the dirt road on which he was traveling. We are not required to say that, because Howard did not stop but chose to drive on and get out of the way of the oncoming vehicle, he alone was thereby negligent and his sole negligence was the cause of plaintiff's injuries. It is well within proper factual determination to conclude that the condition in the street created by the City was the cause which started all subsequent causes, which in combination brought about the impact of Howard's car against the plaintiff.

The observation is made in the majority opinion that "the evidence is clear that enough space was left between the dirt pile and high tension poles on the south side of the street to permit two automobiles to pass each other." This is true but it must be modified in two particulars: first, the driver might be inside the poles and off the traveled portion of the dirt road; second, there was only room for two automobiles to pass if each was using its half only of the road in which they were required to move. This implied that the driver next to the dirt from the excavation must keep very close to it.. There is considerable testimony in this record that there was not room for two automobiles to pass on the dirt road. The dirt along the excavation was not the immediate cause of Howard's driving off the south side of the dirt road but the position of the car coming toward him.

In 2 Restatement of the Law of Torts, Section 431, legal cause is defined:

"The actor's negligent conduct is a legal cause of harm to another if

"(a) his conduct is a substantial factor in bringing about the harm, and

"(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm."

And Section 435, same text:

"If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable."

Of course, we are here dealing with a nuisance rather than negligence, but the test of proximate cause is the same in either.

It is well recognized that there may be more than one proximate cause, and likewise that concurring or combining causes may both or all be considered as in the line of proximate causation of a result.

The condition created by the defendant, which the jury had a right to find was a nuisance, forced automobile traffic to move to the side road.

There are but a few cases reported on multiple causation where the facts are at all similar to those found in the instant case, and practically all of them are cited in plaintiff's brief. In Casey, Admr. v City of Chicago, 189 Ill. App., 188, the facts and the law are found in the second and third propositions of the syllabus:

"2. Where a child playing in the street was killed by a cake of ice falling from a wagon because the wagon ran into a hole in the street, **held** that the negligence of the driver of the wagon would not excuse the negligence of the city in permitting the holes to be in the street if such negligence of the city was the proximate cause of the accident.

"3. For an act of negligence to be the proximate cause of an injury, it need not be the sole or exclusive proximate cause, but it must be a proximate cause,

either alone or concurrently with some other."

A pedestrian to avoid being struck by automobiles coming in opposite directions climbed onto a pile ' of dirt and lumber in a street where there were no sidewalks. The automobiles, because of the narrowness of the street, caused by the obstruction therein, collided, one of them striking the pile of dirt and lumber and thus injuring the plaintiff. The court held that it was a factual question whether or not the defect in the street was a proximate cause of plaintiff's injury. Blankenship v City of Williamson (W. Va.), 132 S. E. 492.

In Gray v City of Des Moines (Iowa), 265 N. W. 612, it was held:

"1. Whether a city's negligent failure to repair a broken pavement on a street conveying heavy traffic was the proximate cause of injury to an occupant of an automobile which, on striking the defective place in the pavement, swerved to the left and collided with a truck proceeding in the opposite direction on its own side of the street, is a question for the jury."

In East Cleveland v Latimer, 2 Abs 283, the Court of Appeals of the Eighth District held that:

"Municipality, leaving unlighted row of bricks in street at night, is proximately liable with owner of automobile, driving fast, striking bricks and swerving into and injuring driver on other side of street."

Judge Vickery in the opinion· said:

"If it had not been for the pile of bricks in the street, the fast driving of Brinkman would not have caused this accident. The proximate cause was not the fast driving alone, but it was a combination of the fast driving and the presence of the unlighted bricks in the street."

In Stemmler v City of Pittsburgh, 135 Atl. 100, holes in the street were filled with water. A bicyclist ran into one of the holes, causing the mud therefrom to fly out and strike him in the eye, causing him the loss of that member. The court supported the conclusion that the defect in the street was a proximate cause of plaintiff's injury and said:

"1. Test of 'proximate cause' is whether facts constitute continuous succession of events constituting natural whole, or whether chain of events is so broken as to become independent, and final result is not natural and probable consequence of primary cause."

Other cases cited in the brief of plaintiff, which are helpful by analogy are:

Gonzales v City of Galveston, 84 Tex. 3.
Motz v Akron, 22 Oh Ap 98.
Neidhardt v City of Minneapolis (Minn.), 127 N. W. 484.
Van Order v City of Columbus, 41 Oh Ap 462.

Stemmler v City of Pittsburgh, supra, is the subject of a case note which is found in 49 A. L. R. 1229. The court cites three cases and makes the observation that search reveals that they are the only cases which may be regarded as precedents on the specific point decided in the main case.

It was well within the jury's province to determine that the automobile which struck the plaintiff would not have been caused to swerve but for the condition created by the nuisance in the street. Had the passenger in the automobile which struck the plaintiff been injured, the joint cause of his injury would have been the act of his driver in swerving, and the condition in the street, which caused him to swerve. The jury could properly have found that neither automobilist was negligent, though the negligence of either or both would not prevent plaintiff's recovery, unless such negligence was the sole proximate cause of her injury.

It is my judgment that the question whether or not the nuisance in the street was a proximate cause of plaintiff's injury was one of fact, properly submitted to the jury, and that in holding with the plaintiff on this disputed question the jury did not act manifestly against the weight of the evidence.

The judgment should be affirmed.