## LIESMAN, Admrx. v BROOKVILLE (City)

Ohio Appeals, 2nd Dist, Montgomery Co

No 1657. Decided Dec 12, 1940

Roy G. Fitzgerald, Sr., Dayton; Roy G. Fitzgerald, Jr., Dayton; Victor Jacobs, Dayton, for plaintiff-appellant.

John H. Shively, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, PJ.

This is an appeal from a judgment entered on behalf of defendant after the court had sustained a general demurrer to the second amended petition of plaintiff and she had elected to plead no further.

Plaintiff avers that the defendant is liable in damages for injuries, resulting in the death of plaintiff's decedent, for the creation and maintenance of a nuisance along the northern edge of a trench alongside a sewer which was and had been under construction by the defendant in an alley back of the premises of plaintiff.

The court sustained the demurrer upon the theory that the village was not liable for the creation of a nuisance, inasmuch as at the time of its occurrence the village was engaged in a governmental function. The court erred. **City of Hamilton v Dilley, 120 Oh St 127; O. Jur. 964,**

"(1) The duty imposed upon municipalities in Ohio by §3714 GC, to keep its streets free from nuisance, is an exception to the rule of common law that no liability attaches to a municipality for negligence in the discharge of a governmental function."

The exception is also recognized in the syllabus to **Hutchinson v City of Lakewood, 125 Oh St 100.**

The principle is announced in the majority opinion in **Hindman v Akron, 30 Abs 27** and stressed in the dissenting opinion at page 30.

The subject is extensively annotated following Hoffman v Bristol (Conn.) 75

A. L. R. 1196, particularly at page 1199, wherein it is said that the,

"immunity of municipalities from liability for acts done in the performance of governmental functions does not extend to cases of personal injury or death resulting from a nuisance created or maintained by a municipality."

The annotator cites cases in support of the majority view from nine states of the Union including Ohio, from which he cites Hamilton v Dilley, supra.

The court erred in sustaining the demurrer and entering judgment for defendant.

Of course, it will be understood that we are accepting the averments of the Amended Petition as sufficient to set up a condition which constituted a nuisance at the place where plaintiff's decedent fell. This may well be the subject of factual dispute and the evidence as developed may not support the claim of the plaintiff. Our determination is only to the effect that if the condition created by the Village constituted a nuisance, then it may be held liable under its specific statutory obligation in the face of its immunity because engaged in the erection of a sewer, a governmental function.

Judgment reversed. Cause remanded.

GEIGER & BARNES, JJ., concur.