## MARTIN v CANTON (city)

Ohio Appeals, 5th Dist, Stark Co

Decided October 22, 1931

Gnau & Miller, Canton, for plaintiff in error.

R. H. Mack and E. F. Shadrach, Canton, for defendant in error.

SHERICK, PJ.

The question therefore presented is whether the facts admitted by the demurrer to be true constitute a nuisance as contemplated in §3714 GC, and that, if this be true such facts should be submitted to a jury under proper instructions; or do the alleged facts in this pleading disclose that the city, in the performance of its duty, or in its failure to perform, was acting in a purely governmental function, and hence not liable for the damages plaintiff sustained?

The Code section involved in the controversy reads: "Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, aveunes, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

The plaintiff maintains that the case of City of Hamilton v Dilley, 120 Oh St 127, 165 N. E. 713, is conclusive of the question made, while on the other hand it is asserted by the city with equal vim that the case of City of Wooster v Arbenz, 116 Oh St 281, 156 N. E. 210, 52 A. L. R. 518, must control.

The Dilley Case has to do with an injury sustained by the driver of an automobile colliding with a six-inch raised platform in the traveled portion of a street, erected for the greater safety of passengers in a safety zone, which the driver ran into in the nighttime. This platform was not illuminated.

The court, in determining the question thereby presented, held that the duty imposed upon municipalities by §3714 GC to keep its streets free from nuisance, is an exception to the rule of the common law that no liability attaches to a municipality for negligence in the discharge of a governmental function; and further it is stated that it is the province of a court to define a nuisance and for the jury thereafter to say whether the circumstances of the particular case come within the definition of a nuisance.

It is clear in above case that the unlighted platform amounted to an obstruction in the traveled portion of the highway, and to our notion the jury rightly found that such was a nuisance contemplated by the statute, for

it was without doubt a physical imperfection in the street and dangerous to traffic; but that is not the situation developed in this controversy. Here, there is no physical imperfection alleged, and the nuisance complained of is the disorder of a suspended traffic light, with plenty of clearance.

In the first place, it may be stated that all obstacles found in a public thoroughfare are not nuisances; many such serve some useful purpose, such as hydrants, poles, trees, and street lights. Such was the holding of our Supreme Court in the Village of Barnesville v Ward, 85 Oh St 1, 96 N. E. 937, 40 L. R. A. (N. S.) 94, Ann. Cas. 1912D, 1234. Hence it must follow that situations will develop in which a court will be called upon to determine preliminarily if an obstruction in a street is a nuisance; and, if such is not a nuisance, as contemplated by our law, the matter should end.

Turning now to the Arbenz Case, supra, we learn that therein one was injured in a collision with a city truck, then being negligently operated by a city employee in the repair of a city street. The second and third syllabi of that case are here set forth:

"2. Sec 3714 GC, imposes upon municipalities the obligation to keep streets, alleys, and other highways within the municipality open, in repair, and free from nuisance; the legislation imposing this duty is an exercise of sovereignty of the state, and municipalities as creatures of the same sovereignty are subject to the liability which follows a failure to discharge that duty.

"3. The duties and obligations thus imposed are in derogation of the common law and must therefore be strictly construed, and the provisions of that legislation cannot by implication or interpretation be extended to make a municipality liable for the negligence of its servants while engaged in the act of making improvements to streets, unless such negligence relates to a condition of the street itself and the damage is caused by a defective condition thereof."

The court in the Arbenz case further states as a matter of law that city streets are public and governmental institutions, maintained for the use of the people. We take it that the rule of this case is now the law of Ohio. It is sound in both reason and principle.

Now the city suggests, and we believe rightly so, that §3714 GC, does not attempt to comprehend all of a municipality's governmental activities with reference to its streets and public ways. The section is in derogation of an immunity from civil re-

sponsibility possessed by municipalities, and therefore, as stated in the Arbenz case, it must be strictly construed, and it is our determination that this section has no further reference and application than to the physical condition of the traveled portion of the highway and such matters as low hanging signs, wires, or branches, as may physically hinder proper traffic.

We are also of opinion, and it seems beyond question, that the erection and maintenance of traffic lights at street intersections is a matter of the exercise of the city's police power, which is, of course, a purely governmental function. In such case a city does not act in any way in a ministerial sense, and becomes liable under the maxim of respondeat superior; neither does the city derive its police power from this section, but such flows from **Art. XVIII, §3, of the State Constitution.**

The case of **Aldrich v City of Youngstown, 106 Oh St 342, 140 N. E. 164, 27 A. L. R. 1497,** strongly commends itself to us in two respects: First, it is an action for damages by an injured party seeking recovery for the negligent operation of a police patrol on a city street. The court held that there could be no recovery, for the act was governmental in character, and no statute is found imposing a liability on the city. Second, our Supreme Court receded from its departure from the established rule in **Fowler, Adm'x v City of Cleveland, 100 Oh St 158, 126 N. E. 72, 9 A. L. R. 131,** and returned to the principle formerly held in **Frederick, Adm'x, v City of Columbus, 58 Oh St 538, 51 N. E. 35.**

We find that McQuillin on Municipal Corporations (2d Ed.) volume 6, §2801, correctly states the general rule: "The law is well settled that the police regulations of a municipality are not made or enforced in the interest of the local corporation in its private capacity, but in the interests of the public, and that a municipal corporation is not liable for the acts of its officers in attempting to enforce police regulations."

We further think well of the reason of the court in the case of Hanson v. Berry, 54 N. D. 487, 209 N. W. 1002, 47 A. L. R. 816. This case is very similar to the Aldrich Case, supra. Therein it was held: "A municipality is not liable for the tort of its agent committed in the course of the performance of a governmental duty, nor for the manner in which it exercises its governmental authority, nor for the failure to exercise it properly."

That court further reasoned that "to seize upon the exceptional doctrine that holds a city to liability on account of the unsafe condition of the streets as a means of qualifying the rule of nonliability involves a sacrifice of logic to supposed expediency." And further that "a holding that a municipality is liable on account of an unsafe condition of the streets, where such unsafety is due to no physical imperfection, would involve the modification of well-established principles of law."

Had traffic at the intersection where the plaintiff was injured been handled by a police officer, who negligently signaled the plaintiff to proceed, there could have been no liability. This the plaintiff concedes, for the policeman would be exercising authority in a governmental capacity, and section 3714 could not apply. We see no difference in principle when the city, through its police department, seeks to regulate traffic by a traffic light, for it cannot be liable for the manner in which it exercises its governmental authority.

The neglect of a municipality to perform, or its negligence in the performance of a duty imposed upon it, or assumed by it, which pertains to the performance of a governmental function under the police power, cannot be the basis of a suit for damages against it by one who has suffered particular damage by reason of such neglect, in the absence of a statute definitely creating a liability.

The matter of the length of time that the traffic light was defective in operation, to our notion, cannot change the rule.

It is further urged by the city that, the light being dead on the red or stop sign, as towards the plaintiff, the theory of invitation to cross or proceed is not in this case. We believe that such is true. On the other hand, we see no further comfort to the city on its claim that the traffic light's darkness should have warned the plaintiff, in view of the fact that the amended petition recites that "plaintiff proceeded carefully into said intersection." This, on demurrer, must be taken as true.

It is therefore our judgment that this cause should be, and it now is, affirmed.

LEMERT and MONTGOMERY, JJ, concur.