## GUTHRIE v COLUMBUS (city)

Ohio Appeals, 2nd Dist, Franklin Co

No 2794. Decided Oct 25, 1937

John L. Davies, City Attorney, Columbus, Baxter Evans, Columbus, and Charles H. Petree, Asst. City Attorneys, Columbus, for defendant-appellant.

Guy R. Martin, Columbus, for plaintiff-appellee.

## OPINION

By HORNBECK, J.

This was an action for damages for personal injuries suffered by plaintiff on the night of October 2, 1935, by tripping over a protruding form on the inside edge of a sidewalk near the southwest corner of the intersection of Loretta and Cleveland Avenues in the city of Columbus. The form was a two by four, about three feet long on one avenue and five feet long on another and extended about one-half inch above the surface of the sidewalk. It was the claim of the plaintiff that this constituted a nuisance. Upon issues joined the plaintiff recovered a verdict. Motion for new trial was overruled and judgment entered for the plaintiff.

An appeal on questions of law is prosecuted. The errors assigned are that the court erred in admitting certain evidence offered by the plaintiff and in rejecting certain evidence offered by the defendant; in refusing to sustain a motion of defendant for a directed verdict at the conclusion of the plaintiff's case and at the conclusion of the whole case; error in the general charge and in refusing to sustain the motion of defendant for a new trial.

The plaintiff tendered several protographs, among which was one, plaintiff's exhibit E, purporting to show the physical conditions at the time of the accident at the place where the plaintiff tripped and fell and for a few feet contiguous thereto. Defendant objected to the admission of this photograph in evidence. The photograph was taken in March, 1936, more than six months after the date of the accident, by Mr. Martin, counsel for plaintiff, who testifies that it was a true representation of the objects therein appearing.

Charles Goetzman, a witness for the plaintiff, examined the photograph and stated that it correctly represented and portrayed the condition that existed at the place of the accident on the night when the plaintiff was injured. These witnesses supplied the requisite preliminary proof requiring the trial judge to submit the photograph to the jury. The weight which would be given to the evidence thus offered was for the jury, and the objections that are asserted to its admissibility were properly considered only as to its weight. The rule touching the requisite showing necessary to the admission of photographs in evidence is stated in the 1st syllabus of the **C. H. & D. Ry. Co. v DeOnzo, 87 Oh St 109.**

"It is not error for the court, on the trial of a cause, to admit in evidence a photograph which appears to have been accurately taken, and is proven to be a correct representation of the subject in controversy which can not itself be reproduced, * * * and is of such a nature as to throw light upon the disputed point."

Mr. McCorkle, witness for the defendant, testified as to the lighting at and near the intersection of Cleveland and Loretta Avenues; that he operated a store at the intersection in which there was 18 feet of glass in the frontage on Cleveland Avenue, and two big doors and 9 feet of window on Loretta Avenue; that on the night of the accident four 200 watt lights were burning in the front of his store, and that he had a "telephone bulb" 40 or 50 feet down Loretta Avenue, and lights in each window.

Counsel for the city propounded several questions to the witness, intended to show the extent of the illumination at the intersection where the accident occurred. Among other questions the witness was asked,

"Q. Approximately how far would these lights in your store show up substantial objects by means of the rays of light?"

Objection was interposed and sustained. No time was fixed in this question. The judge then said:

"Now, if on this particular night or about that time, he made observation, the court will permit him to testify as to that."

The witness then said that he was in his store in the evenings and this question was then put:

"Q. Take the date of October 2nd, or about that date, within a day or so of that time, 1935, state whether or not you did observe as to how far these lights just referred to showed up substantial objects in the immediate vicinity."

Objection was interposed, to which the court made no ruling, and then propounded this query:

"Let me ask you, did you make any observation to see how far these lights would cast their rays?"

To which the witness answered, "No, sir," and the court observed, "That answers it."

It is urged that the question which the court asked the witness did not elicit the information which may have been forthcoming in answer to questions propounded by counsel for the city, and that the court erred in not permitting them answered.

We mark no material difference in the question put by the court and answered by the witness and any proper inquiry made by counsel. However, if it be granted that the questions put by counsel were proper, the error complained of is not exemplified because we have no proffer of answers. Obviously this is necessary because until it appears that the witness would have answered in a manner so as to afford some information responsive to the question and of benefit to the defendant, no error prejudicial to it would occur. The new appellate code has not changed the rule heretofore mentioned.

It is urged that the court should have sustained the motions of the defense for a directed verdict; first, because there was no evidence tending to show that a nuisance existed at the place of the accident; and, secondly, that it appeared that the plaintiff was chargeable with contributory negligence as a matter of law. It is claimed that inasmuch as the evidence disclosed that th projecting form did not extend above the surface of the pavement more than one-half inch, that this was such a minute obstruction as to require the holding that it could not have constituted a nuisance. We know of no case and none is cited where any court has undertaken to define the height of an obstruction or break in a sidewalk, below which a city is not chargeable with liability by reason of failure to observe the statute enjoining upon it the obligation to keep its streets open, in repair and free from nuisance. The fact that the projection was slight was properly presented to the jury on the factual question whether or not the city should be held liable, but inasmuch as it appears that the plaintiff did trip and fall over the raised form, the jury was within its province in finding that such obstruction left at the edge of a sidewalk was a nuisance and that if the city was put on notice it should respond in damages, provided no contributory negligence of the plaintiff appeared.

Nor can we say that as a matter of law the plaintiff was chargeable with contributory negligence. The courts generally have announced the test which properly was applied to the plaintiff immediately before and at the time of her accident, namely, ordinary care. Pedestrians are required to use their faculties as they walk along the streets and pavements of the city as an ordinarily prudent person would do. If this measure required that the plaintiff look at any particular time, she was so charged. Courts do not, and we will not say that the plaintiff was required to look at a particular point in a sidewalk at any given time. To so hold would manifestly invade the province of the jury and take away from it the right to decide a factual dispute.

The court, in its general charge, said to the jury that,

"Now, a nuisance is anything that does injury or hurt to another,"

and it is urged that this definition is lacking in that it does not include the words "wrongfully or unlawfully does hurt to another." This charge, as all charges, must be considered in its entirety, and not upon the selection of a segregated part thereof. The court fully charged the jury on the legal obligation of the city. If it failed to meet this statutory obligation it was committing a wrongful and unlawful act. The definition of a nuisance in the light of the full charge could not have been prejudicial to the defendant.

In view of our discussion of the foregoing specific errors urged and our opinion thereon, it follows that the trial court, in our judgment, committed no prejudicial error in overruling the motion of the defendant for a new trial and in entering judgment on the verdict.

The judgment will be affirmed.

BARNES, PJ, and GEIGER, J, concur.