## HUBLER v DAYTON, (City)

Ohio Appeals, 2nd Dist Montgomery Co

No 1488. Decided January 26, 1938.

A. K. Meck, Dayton, for Plaintiff Appellant.

Herbert S. Beane, Dayton, Ernest W. Kruse, Dayton, M. D. Gilbert, Dayton, for Defendant Appellee.

# 680

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment against the plaintiff for costs after the sustaining of a general demurrer to the second amended petition.

The action was for damages for injuries claimed to have been sustained by the plaintiff when she stepped into a broken tile as she was walking across the treelawn in front of Lot No 1827, Malvern Avenue, Dayton, Ohio.

The second amended petition. avers, insofar as pertinent to our inquiry, that between the sidewalk and the curb of Malvern Avenue there is and was a narrow strip of ground used as a lawn or parkway, and in said parkway there was earth or dirt and in said dirt there was a tile inserted perpendicular in the ground, extending from the surface of the ground to a depth of about seven or eight feet; that the tile was approximately five inches in diameter; that it had been so located since 1929 and that on August 23, 1935, the date of plaintiff's alleged injury, the tile was covered over with loose grass but during the winter and spring seasons of the year was plainly visible; that the tile was broken and open and at all times constituted a defect in and obstruction of said Malvern Avenue and a dangerous place and a hazard to travel. Constructive knowledge of the presence of the tile is alleged.

It will be noted that the demurrer was directed to the second amended petition. The plaintiff had been required, upon motions of defendant, to amend the two former petitions and in the brief of counsel for plaintiff we are requested to express our opinions on several matters which may arise in the trial of the cause if it is so reached. Such expression would be purely voluntary and obiter, have no binding effect upon the trial judge and we deem it inadvisable.

If the judge expressed any opinion when the demurrer was sustained it has not been presented to us. We assume that he adopted the theory of counsel for the defendant, which appears by its brief, filed in the trial court, to have been that §3714 GC requiring a municipality to keep its streets open, in repair and free from nuisance,.

has application only to the physical condition of the traveled portion of the highway; that in the situation appearing, the place where the plaintiff fell was not in the traveled portion of the highway.

Supporting the contention of the defendant were cited **Martin v City of Canton, 41 Oh Ap., 420 (11 Abs 560) Wooster v Arbenz, 116 Oh St 281; Tetlow v Youngstown 49 Oh Ap., 540; Lutz v Ironton, 12 Abs., 440,** all of which cases are cited in this court.

The first three cases were directed to a distinction between the governmental and proprietary functions of the city under the facts developed and are not helpful for any purpose here. Lutz v Ironton, would be pertinent eventually if this case be submitted to a jury in emphasizing that as a part of the charge the court say to the jury that the defendant is charged with the duty of keeping the street free from nuisance and in a reasonably safe condition for travel in the usual mode, etc. The Lutz case presents no principle of law which is of any benefit whatever on the questions presented on the demurrer.

**Barnesville v Ward, 85 Oh St., 1** is helpful on the facts appearing in this case. While it is not found in the syllabi, clearly it appears from the opinion that the court recognized that the strip between the sidewalk and curb, ordinarily spoken of as the treelawn, is a part of the highway and. therefore the municipality is under the statutory obligation to keep it open, in repair and free from nuisance, as against the usual mode of travel.

In the Barnesville case the action was predicated upon the claim that the city had created a nuisance by placing a wire about 2 ft. high, sagging in the middle to about eight inches high, upon stakes between the paved sidewalk and curb of a street, over which the plaintiff fell and sustained injuries. The city by a specific defense, set up that the tree lawn was maintained to beautify and ornament the streets and that the grass and shade trees growing in the strip between the sidewalk and curb indicated to pedestrians that it was not to be used as part of the sidewalk and was not intended to be traveled across by pedestrians and specifically denied that the defendant was charged with any duty or obligation to keep that portion of the strip of ground occupied by trees and grass plots and located between the regular passageways leading from the portion of the sidewalk to the curb of the street open

for travel, in repair and free from obstruction; that the plaintiff for his own convenience and without necessity had departed from the paved portion of the sidewalk and passed over and across the strip of ground and grass plot or lawn to the curb of the street.

It will be observed that had not the plaintiff, Ward, undertaken to move across the treelawn he would not have tripped over the wire and fallen. The reviewing court supported the action of the trial judge in refusing to charge that the plaintiff in going onto the treelawn assumed all risk of injury by reason thereof and at page 10 of the opinion it is stated:

"The fact that a municipality may maintain or permit to be maintained a barrier around such strips to prevent pedestrians from going thereon does not authorize the maintenance of such a dangerous construction as would be a menace to the life or safety of a pedestrian exercising due care for his own safety in an attempt to cross over the same.

"If the jury found from the evidence that this wire was in the condition described by some of the witnesses, then it could rightly find that it was not a barrier to prevent, but rather a device to trip and punish any one who would attempt to cross this strip does not justify the placing of a nuisance there that might probably cause his death or do him great bodily harm if he should attempt to do so and the pedestrian could not be held to have assumed the risk of injury from such a device if it be shown that he had no knowledge of its existence and could not in the exercise of due care for his own safety see the same or be required to anticipate its presence."

There is analogy between the factual situation there developed and in the instant case. Here it will be a question of fact if the case is presented to a jury, whether or not the plaintiff is chargeable with negligence contributing to her injury in moving onto and across the treelawn and, further, whether or not the obstruction set out in the second amended petition is a nuisance. Neither we nor the trial court can say, as a matter of law, that the treelawn was not portion of the highway open to travel, nor that its use by the plaintiff ▉▉▉▉▉▉▉ at the time and place set forth in the petition was not in the usual and customary mode of travel.

In this court it is further asserted, supporting the action in sustaining the demurrer, that the condition complained of is not such a substantial defect as to come within the scope of the statute. That is to say, upon the facts alleged, the defect is so slight or insignificant that the court, as a matter of law, should say that it cannot be found to be a nuisance. We are cited to Green v City of Mechanicville (N. Y.) 99 N.E. 26, and Emory v City of Rome (Ga.) 188 SE. 358.

The Green case was a suit against the city because of injuries occasioned by the skidding of one of the rear wheels of plaintiff's vehicle over ice that had formed on the rails of a trolley track laid in the center of the street. The court held, as a matter of law, that the action could not be maintained, based upon the proposition that the railway tracks laid flush with the street did not constitute a nuisance, nor was the city put on notice of a situation making it liable by reason of the fact that ice had formed on the track a short time before the accident. There is nothing especially helpful in the decision.

Emory v City of Rome, supra, held that the city was not liable for injuries sustained by a pedestrian who stumbled over a cement block about 5 x 10 inches in size and projecting about three inches above the sidewalk, "the block lying on a grass parkway adjacent to the sidewalk." The determination was made on a general demurrer to the petition. The petition averred that the block was sticking up about three inches above the sidewalk and had been at said place for such a period of time that it had become imbedded in the earth and that grass had grown up above it. The syllabus is not as broad as the allegation, wherein it will be observed that it was asserted that the block had become imbedded in the earth, whereas the syllabus says that it was lying on the grass parkway. However, the court determined the question squarely upon the proposition that the defect set up was so slight as that it was not the basis of action against the city. The court gave some consideration to the fact that the defect was not on the sidewalk but on a grass parkway adjacent to the sidewalk and presumably where members of the public were not expected to walk. This attitude could not be maintained in Ohio in the light of Barnesville v Ward, supra.

The court cites Terry v Village of Perry (N.Y.) 92 N.E. 91, wherein it was held that the city was not liable for injury to a pedestrian caused by his fall on the sidewalk because of a depression due to the setting

of one edge of a concrete square in the walk 1½ inches below the level of the adjoining square. And it was held in Butler v Oxford, (N.Y.) 79 N.E. 712, that there was no liability, as a matter of law, where, in a space between a flagstone paving filled in with rock there was a projection of about 2½ inches. In the latter case it is probable that the stone to which objection was made was movable and not a part of the walk proper.

The opinion also cites City of Richmond v Schonberger (Va.) 68 SE. 284, wherein it was held that whether or not a tile projecting about two inches above the surface of the sidewalk constituted a nuisance was a factual question for the determination of the jury.

If this case were one wherein the nuisance was predicated upon a projection in the sidewalk and it was urged that it was not high enough above the surface of the surrounding pavement to constitute a nuisance as a matter of law, we would be bound to hold against the contention by reason of our decision in **Guthrie v City of Columbus**, No. 2794, unreported, Franklin County, October 25, 1937. (26 Abs 283) In this case the projection was a protruding form about ⅓ inch above the surface of the sidewalk, about three feet long on one avenue and five feet long on another and on the inside of the sidewalk. It was urged that as a matter of law this projection was so slight that it could not be the basis of an action against the city. We held against the contention of the city and said:

"It is claimed that inasmuch as the evidence disclosed that the projecting form did not extend above the surface of the pavement more than one-half inch, that this was such a minute obstruction as to require the holding that it could not have constituted a nuisance. * * * The fact that the projection was slight was properly presented to the jury on the factual question whether or not the city should be held liable, but inasmuch as it appeared that the plaintiff did trip and fall over the raised form, the jury was within its province in finding that such obstruction left at the edge of a sidewalk was a nuisance and that if the city was put on notice it should respond in damages, provided no contributory negligence of the plaintiff appeared."

We called attention to the fact that no Ohio case was cited supporting the position of the city. This is a closer case than the instant case. A motion to certify is now pending in the Supreme Court.

In none of the cases cited by the defendant was the nuisance like unto that which is set out in the second amended petition here. It is averred that the tile was approximately five inches in diameter, was broken, and that it was visible during certain periods of the year, known to the defendant, but that at the time of the accident it was largely hidden by the growth of grass about it. If the plaintiff in the exercise of due care stepped into this opening, fell and injured herself it is some evidence that it was dangerous. Whether or not the probability of pedestrians falling over it was so remote that it might not be anticipated is in the field of fact.

We are of the opinion that the second amended petition states a cause of action against the defendant and is good against the demurrer. The judgement of the trial court will be reversed and the cause remanded.

BARNES, PJ and GEIGER, J concur.