KREMER, APPELLANT, *v.* CITY OF UHRICHSVILLE, APPELLEE.

(Decided December 14, 1940.)

*Mr. T. J. Kremer* and *Messrs. Fisher, Limbach, Smith & Renner,* for appellant.

*Mr. C. E. LaPorte,* city solicitor, and *Mr. J. E. Patrick,* for appellee.

SHERICK, P. J.   Plaintiff appeals to this court from a judgment entered against her upon a jury's verdict in an action for damages.   The action is brought under

favor of Section 3714, General Code. She claims to have sustained serious injury at a street intersection, while a guest passenger in her daughter's automobile. Her amended petition charges that the city maintained on each side of the intersection a dip, depression or gutter as a part of the improved street. These gutters had a breadth of five feet and a depth of six to seven inches. It is averred that the city did not display any warning sign, and that this construction created a dangerous and unsafe condition which ''caused the springs of a passing car to rebound abruptly, thereby projecting the passengers from their seats with great violence.'' She further states that she was seated in the rear seat of a sedan and in crossing over the intersection she, too, was thrown violently from the seat of the car.

This pleading then proceeds further to aver that her injuries were the direct and proximate result of the city's negligence in its failure and neglect to eliminate the dip or gutter, and in permitting that portion of the street to be used by the public when in such condition, and in its failure to display a warning sign to the traveling public. We have set forth this portion of her complaint with exceeding care for reasons which will be hereinafter demonstrated.

To this pleading the city answered. Its first defense was a general denial with specific averment denying that it was negligent in any particular. In its second defense it specifically ''denies that said gutters constituted a dangerous and unsafe condition of said street'' and that it was in any way negligent in any of the alleged particulars.

It is apparent from the language employed in these pleadings that it was assumed that the city's liability was, in part at least, dependent upon proof of negligence. The cause was so tried.

At the conclusion of all the evidence, plaintiff requested the giving of two special requests, both of

which were given to the jury. The first of these instructed the jury that Section 3714, General Code, was applicable to the case. It contained the statute *in toto*. The second request instructed the jury that any negligence of the driver of the car could not be imputed to plaintiff.

The defendant requested the giving of its requests, of which numbers one and four were given. Request number one is an exact duplicate of the syllabus in the case of *City of Dayton* v. *Glaser*, 76 Ohio St., 471, 81 N. E., 991. Its giving was not erroneous as claimed. Request number four is in the exact language of the second paragraph of the syllabus in the case of *Martin* v. *City of Canton*, 41 Ohio App., 420, 180 N. E., 78, to which was added a sentence taken from the body of the opinion. It reads: "All obstacles found in a public thoroughfare are not nuisances; many such serve some useful purpose." Plaintiff complains of this last sentence. Even if it did not embrace all that might be said on that subject, nevertheless it was a correct statement of law. The plaintiff made no request for a more comprehensive statement. We perceive no prejudicial error therein. From these requests it is evident that the parties were or had become concerned with the nuisance theory of their case.

When the court's general charge is examined, it appears that the court again read the statute to the jury, and stated that plaintiff based her cause of action thereon. The court immediately thereafter stated the plaintiff's three claimed acts of negligence by defendant, and proceeded to say further:

"So, the first question that arises for you to determine is whether the plaintiff has proven by a preponderance of the evidence that the defendant maintained or permitted a nuisance in or on the street in question at and before the accident and whether she has proven by a preponderance that the city was negligent in one or more of the matters charged in maintaining such a

nuisance or removing the same, but before such nuisance and negligence, if you should so find, would create a liability against the defendant, the plaintiff must prove by a preponderance of the evidence that such nuisance and negligence was the proximate cause of the accident and resultant injury, or, as in this case, a contributing proximate cause thereof.''

The court then proceeds to define nuisance, negligence and proximate cause, and to state when a city is negligent in the maintenance of its streets. And again the jury was told in order for the ''plaintiff to recover you must find from a preponderance of the evidence that there was a dangerous and unsafe condition in the street, * * * and further find that the defendant was negligent in one or more of the negligent acts charged in the petition.''

At the conclusion of the charge, plaintiff's counsel excepted specifically to that portion thereof which charged that ''the defendant is liable for maintaining a nuisance only if it was negligent in doing so.''

It is clear that Section 3714, General Code, never was intended to make a municipality liable for failure to keep its streets ''open, in repair, and free from nuisance'' upon the theory of negligence unless a nuisance was involved. This principle is pointed out in *Selden* v. *City of Cuyahoga Falls,* 132 Ohio St., 223, 6 N. E. (2d), 976. In the third paragraph of the syllabus of this case it is further determined, that ''the term 'nuisance' is not synonymous with 'negligence' and does not necessarily rest upon the degree of care used, although a nuisance may be and frequently is the consequence of a negligent act.''

An attempt was made at trial to establish disrepair of the offending gutter. This bit of evidence is hardly of importance in view of other evidence that the street was open and subjected to a constant stream of traffic. The real complaint lays in the manner of the gutter's construction and maintenance. It strikes the members

of this court that this gutter and its companion gutters were not negligently built, but rather that they were planned and constructed in a skillful manner. A thought is expressed in *District of Columbia* v. *Totten,* 5 F. (2d), 374, which we feel to be exceedingly pertinent to the present case. It is said that:

"A nuisance does not necessarily grow out of acts of negligence, but may result from skillfully directed efforts taken without due regard to rights of others."

If the state of facts now under review have any element of negligence engrafted thereon it must and can lie only in the fact that the city had failed to erect signs to warn the traveling public of probable danger if the intersection was crossed at too high a rate of speed. To our notion, however, this is but a minor matter, for the real crux of the affair is to be found within the jury's province, *i. e.,* to determine whether the gutters as constructed are or are not in fact a nuisance. If the condition of the intersection as constructed is a nuisance then the city is liable irrespective of whether it was negligent. If it created and maintained this condition it is hardly necessary that notice and knowledge thereof be proven, because one is not entitled to notice of that which he created and of which he already has knowledge.

This statement is found in 20 Ruling Case Law, 381, 3:

"In an action for creating or maintaining a nuisance, the existence of the nuisance fixes the liability without proof of negligence on the part of the defendants. A nuisance does not rest on the degree of care used, for that presents a question of negligence, but on the degree of danger existing even with the best of care."

Looking to the court's charge, it is apparent that the jury was instructed that plaintiff was required to prove not only that the gutter construction was a nuisance, but also that she was required to prove that the city was negligent. It is our judgment that when this was

done the court placed upon her the burden of proving an issue which was not required and which was unnecessary to establish her right to recovery. If the jury found that the condition of the street intersection constituted a nuisance and that such was the proximate cause of her injury, then she is entitled to recover. If it had found the condition not to be a nuisance, irrespective of the question of any negligence on the city's part she could not recover, because the General Code section is directed against nuisance and not negligence. She was entitled to have her case go to the jury without the burden of an issue which was not in the case.

The judgment is reversed and the cause remanded for further proceeding.

*Judgment reversed and cause remanded.*

Lemert and Montgomery, JJ., concur.