BOONE ET AL., APPELLEES, *v.* CITY OF AKRON, APPELLANT.

(No. 3477—Decided May 15, 1942.)

*Messrs. Hadley, Weaver & Vale,* for appellees.
*Mr. A. F. O'Neil,* director of law, and *Mr. Clyde B. Macdonald,* for appellant.

WASHBURN, J. The action below, which was by Thomas H. Boone and his wife, against the city of Akron, was not to recover damages for creating or contributing to the creation of a nuisance; it was to recover damages for not *abating* a condition denominated a nuisance, which it was claimed existed in

the highway and affected the premises of the appellees.

The place of the claimed nuisance was in a street in the outlying section of the city. The street in question had been a township road, improved with drainage ditches on each side and from opposite directions to a low spot, to where water in the vicinity naturally drained and flowed north and across the premises of plaintiffs; and to facilitate such flow, a culvert was constructed under said highway. The evidence tends to show that the road became a street of the city in 1934, when a plat was approved by the city, and that at that time the street was improved by cindering, and that the highway, the ditches, and the drainage, were the same as they were at the time this suit was begun, which was in 1938.

The condition which is claimed to have constituted a nuisance was created by the neighbors of appellees residing along said street on the southerly, or opposite, side thereof, who, in the absence of sewage facilities, discharged into the drainage ditch in front of their premises the washwater and dishwater from their dwellings, and also the discharge from their septic tanks.

In time of rains, such discharges by natural drainage passed through said culvert and across a part of appellees' premises, in a small, natural drainage ditch.

The claim was that such discharges into said ditch along said highway and across appellees' premises caused filthy smells and odors, deleterious to appellees' comfort and health, and created a condition sickening to look upon, and thereby damaged appellees.

No claim is made that the city did anything whatsoever to create or cause or sanction said condition, and the right of appellees to recover from the city is bottomed entirely upon the city's failure, after knowledge of such condition, to provide sewage facilities or

to prevent appellees' neighbors from using the ditch along the highway so as to cause the continuance of said condition.

So said the attorneys for appellees many times during the trial, and accordingly the trial was had upon the basis that, if the city was liable, it was because it was made liable by Section 3714, General Code; and the verdict was returned and the judgment entered in favor of appellees on that basis.

There was evidence tending to show that, when said highway became a street of the city in 1934, said condition, to some extent, existed and had existed for some time previous thereto.

Appellees made formal complaint of said condition to the city in 1938, and later, on October 7, 1938, brought this action.

Soon after the bringing of the action, the city extended the culvert that was across the street, northward and along the ditch across appellees' premises, and filled up the ditch, thereby eliminating the source of complaint so far as it related to appellees' premises thereafter, but failed and neglected to take any action in reference to the condition of the ditch along the highway.

The trial judge charged that the word "nuisance," as used in the statute, meant "anything that causes hurt, inconvenience, annoyance or damage," provided the hurt, etc., was actual, material and substantial, "and not something which is fanciful and exists only in one's imagination."

In considering the legal questions presented, one should have in mind that a city is not liable for its *failure* to provide sewage facilities, nor for the mere failure of a board of health to enforce laws and ordinances, and that there are laws, other than Section 3714, General Code, both civil and criminal, relating

to the abatement of nuisances and the recovery of damages resulting from nuisances.

It is a general principle that a municipality is liable for an injury negligently caused by it while *not* in the exercise of a governmental function, and, unless there is a statute to the contrary, it is also a general principle that a municipality is not liable for an injury negligently caused by it while in the exercise of a governmental function.

As to acts of a municipality which constitute the *commission* of a nuisance, the city may be liable regardless of the function it is exercising; but such principle has no application to the mere *failure* of a municipality to abate a nuisance in a street, created solely and entirely by others, if such abatement involves the exercise of a governmental function by the municipality.

In this case it is claimed that the municipality, by Section 3714, General Code, is made liable for the presence of a nuisance in the street created by others, regardless of whether the city was acting in a governmental capacity.

That section provides that municipal corporations shall have special power to regulate the use of the streets, and the council shall have the care, supervision and control thereof, and "shall cause them to be kept open, in repair, and free from nuisance."

A municipality, in determining what shall or shall not be done in a street, acts in a governmental capacity and on behalf of the whole of the people and not as the owner or proprietor of the street; and it is conceded that the municipality in question, in deciding whether or not it would take any action in reference to said condition in the street, exercised a governmental function, as to which the city would not be liable unless the Legislature, by the adoption of said

section, made it liable for such a governmental function.

In its broadest sense, a nuisance is that which annoys or gives trouble and vexation; that which is offensive or noxious; "anything that worketh hurt, inconvenience or damage"; and the definition just quoted was substantially charged by the trial court in this case.

Keeping in mind that this statute is "in derogation of the common law and must therefore be strictly construed" (*City of Wooster* v. *Arbenz*, 116 Ohio St., 281, 156 N. E., 210), was it the intention of the Legislature, in the use of the word "nuisance" in said statute, to include a condition in the street that has no relation, physical or otherwise, to the use of the street for travel, and in no wise interfered with or affected the use of the street for the purpose of travel, and which condition was in no wise caused by any act whatsoever of the municipality, and which did not cause an injury to anyone while in the street?

"It is a familiar rule, that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers. This has been often asserted, and the reports are full of cases illustrating its application. This is not the substitution of the will of the judge for that of the legislator, for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act."

*Church of the Holy Trinity* v. *United States,* 143 U. S., 457, 459, 36 L. Ed., 226, 12 S. Ct., 511.

We have already pointed out that the statute in-

volved in the instant case, being in derogation of the common law, should be strictly construed.

Is it reasonable to conclude that the Legislature intended to make the city liable in damages for every character of condition that anyone should create in any part of any highway which annoyed or inconvenienced anyone, even those not in the highway, and of which condition the city had or should have had notice and failed to remedy?

We think not, and hold that the duty of a city to keep its streets open, in repair, and free from nuisance, as provided in Section 3714, General Code, is limited, as to conditions created solely by others, to such conditions as have relation to and affect the use of the streets for traffic or travel. In other words, we conclude that the Legislature, in the enactment of Section 3714, General Code, did not intend to deprive municipalities of their exemption from liability for a failure to remedy such a condition in the street as is involved in this action, which had no relation whatsoever to the use of the street for the purposes for which the street was designed.

The courts of Ohio have already applied to this statute the principle of construction we are applying in the instant case.

The duty of a city, created by this section, is, according to the language of the section, absolute and unconditional—that is, it is to "keep" the streets "free from nuisance"; but the courts have decided that, notwithstanding such language, the Legislature did not mean that such duty existed unless the city knew or was chargeable with knowledge of the existence of such nuisance.

In *City of Mansfield* v. *Bristor*, 76 Ohio St., 270, 81 N. E., 631, the court decided that the city was liable for the *commission* of a nuisance which was caused by the deposit of its sewage on the premises of the plaintiff, to the extent *only* of its own deposits, and that it was

not liable for failing to abate such a nuisance which was caused by others; and the language of the syllabus must be considered and interpreted in the light of these facts. So considered, said case is not authority for the propositions advanced by appellees in the instant case.

The case of *City of Salem* v. *Harding,* 121 Ohio St., 412, 169 N. E., 457, involved the active creation of a situation which constituted a nuisance, and not the mere passive permission of the condition to exist.

The case of *City of Portsmouth* v. *Mitchell Mfg. Co.,* 113 Ohio St., 250, 148 N. E., 846, 43 A. L. R., 961, was one which did not in any manner involve the acts of third persons; and, moreover, the city in that case was engaged in a proprietary function.

We find nothing in the last two cases referred to which militates against the views we have heretofore expressed in reference to the instant case.

*Martin* v. *City of Canton,* 41 Ohio App., 420, 180 N. E., 78, limited the liability of municipalities for nuisances in streets to such as related to the physical condition of the streets, and physical impediments or hindrances to traffic. We think that, in principle, that case supports the conclusion we have announced herein.

The established facts are such that the trial court should have determined, as a matter of law, that the city was not liable for failure to abate a nuisance within the meaning of that term as used in Section 3714, General Code, and it was therefore error to refuse to direct a verdict and render judgment for the city.

For such error the judgment will be reversed; and this court, proceeding to enter the judgment which the trial court should have entered, orders that final judgment be entered for the city.

*Judgment reversed.*

Doyle, P. J., and Stevens, J., concur.