**RICHTER, Plaintiff-Appellee, v. COLUMBUS (City), Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4561.   Decided February 6, 1952.

Schwartz & Gurevitz, Carl B. Mellman, Columbus, for plaintiff-appellee.

Richard W. Gordon, City Atty., Hugh K. Martin, Edward J. Cox, Asst. City Attys., Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment on a verdict of a jury on behalf of plaintiff on her action for damages for personal injuries suffered by a fall over a cement box or block. The box was placed by the defendant City at a point approximately 50 feet west of the southwest corner of Gay and High Streets in Columbus on the sidewalk near the curb. The box was 16 inches long, 16 inches wide and 14 inches high, made of cement, weighing 250 pounds, was placed to cover certain exposed hot wires and supporting bolts for a light standard which had been removed. The box was placed lengthwise of the street along the curb and about 10 inches from it and thus extended 26 inches in from the curb. The plaintiff with three of her relatives had been a passenger on a chartered bus which was double parked on the south side of West Gay Street about 10 feet from the curb. Alongside the bus at the curb was an automobile. Plaintiff alighted from the bus, moved to the sidewalk, started walking to the west on Gay Street when she fell over the box and was injured. The accident occurred shortly after midnight. The nearest light in the vicinity of the box was about 75 feet away. It was the claim of the plaintiff that the size of the box, its position on the sidewalk, its dim lighting, the blending of its color with the sidewalk and the fact that it was somewhat in the shadow of the bus and the parked car, created a dangerous obstruction for plaintiff constituting a nuisance, in violation of §3714 GC.

It is the contention of the City that this box is in the same class of obstructions as light standards, parking meters, fire hydrants, mail boxes, traffic signs, erected for public use, and that the public and the plaintiff were expected to know that this type of obstruction might be found in that part of the sidewalk upon which she was walking and that she walked there at her own risk.

The City further maintains that "the character of the obstruction is not controlling as long as some useful public purpose is being served and the obstruction is in the area reserved for it."

At the conclusion of plaintiff's case and at the end of the whole case defendant interposed a motion for a directed verdict, which was overruled. Defendant also tendered special

instructions numbered 1 to 5, inclusive, which it requested the trial judge to give before argument. These requests were denied. The refusal of the Court to direct a verdict and to give the special charges before argument are made the subject of six of the assignments of error. The other assignments based on insufficient evidence, that the verdict is against the manifest weight of the evidence, and that the judgment is contrary to law, are dependent upon the determination of the correctness of the action of the trial judge respecting the motions to direct a verdict and the refusal to give the special charges.

The other error assigned is in the refusal to permit defendant to offer evidence to show the type of erections one normally would find along curbstones where this cement block was located.

Appellant relies principally upon the case of **City of Cincinnati v. Fleischer, Admr., 63 Oh St 229,** which holds that "the duty of a city to exercise ordinary care in the construction and maintenance of streets and sidewalks is not violated by permitting a carriage block of the usual size to occupy the usual position of such blocks, near the curb and not upon that portion of the sidewalk which is designed for the use of pedestrians going upon or passing along the walk." The accident out of which this case arose occurred in January, 1898. The case was decided in the Supreme Court in October, 1900. The opinion is based upon the proposition that it was common custom to erect carriage blocks along the curb of a sidewalk and that one using that part of the sidewalk was charged with the knowledge that he might find such blocks there, and that the maintenance of them in such place was not a nuisance. Manifestly, this case was decided when carriage blocks were commonly used in connection with the type of transportation then in vogue. To state at this time that one would be charged with the knowledge that he might find carriage blocks along the curb in any city would find no support in fact. Nor does it appear, nor can it be successfully urged that boxes such as the one here under consideration are commonly found on the sidewalks along the curb. There are certain obstacles which are customarily placed on the sidewalk along the curb as to which the public would be required to take notice. The evidence discloses that the sidewalk on West Gay Street where this accident occurred was paved its full width from the building line to the curb and was available for use by pedestrians for its full width subject only to such obstructions as are customarily found on a sidewalk near the curb. It was inferable from the evidence that the base of this box which was fourteen inches high and of the same dimensions at the

top as at the bottom, extended inward from the curb further than the base of any other objects placed near it on the sidewalk.

When the motion for a directed verdict was made Judge Gessaman, the trial judge, expressed his opinion of the law controlling, at length, which opinion is found in the record. He held that whether or not the block was a nuisance was a question of fact and could not be resolved as a matter of law. We are in accord with this conclusion. Likewise the question of the contributory negligence of the plaintiff was for the jury, under all the circumstances appearing. Whether or not the plaintiff was negligent was in the realm of fact and was properly submitted to the jury under the charge of the court.

All of the special charges of the defendant, Nos. 1 to 5, except 5, followed the theory of the defendant that there was a zone in the sidewalk alongside the curb wherein the plaintiff walked at her own risk and with an appreciation that there might be obstacles such as the block over which she fell, in her path. This conclusion was not justified.

In the case of **Hubler v. Dayton, 26 Abs 679,** this Court held that the strip between the sidewalk and the curb ordinarily called tree lawn, is a part of the highway which the city is under statutory duty of keeping open, in repair and free from nuisance as against the usual mode of travel. In the instant case that part of the sidewalk which might be utilized as treelawn was paved and in use by pedestrians for travel.

In the case of the **Village of Barnesville v. Ward, 85 Oh St 1,** the city maintained park strips between the curbing of the paved street and the pavement of the sidewalk in which strips grass, flowers and trees were growing and the Court held that this could be done and that proper barriers could be placed alongside the treelawn to prevent travel thereon. The city placed a wire around the park strip and a pedestrian, undertaking to pass over it, was injured by reason of the dangerous condition created by the wire. The Court held that the placing of the wire, under the circumstances, created a nuisance within the meaning of the controlling statute.

The City maintains that it is not liable because the cement block was serving some useful purpose of benefit to the public, namely, that it protected the public against dangerous wires charged with electricity. There is no doubt that the purpose served the public and that the City in placing the box acted within its police power and that the act was a governmental function.

An obstacle in a sidewalk placed by the City may serve some useful purpose for the public but, notwithstanding, be a

nuisance. This differentiation is marked by the first syllabus in **City of Hamilton v. Dilley, 120 Oh St 127:**

"The duty imposed upon municipalities in Ohio by §3714 GC, to keep its streets free from nuisance, is an exception to the rule of common law that no liability attaches to a municipality for negligence in the discharge of a governmental function."

And the second syllabus supports the action of the trial judge in submitting the question whether or not the block as placed by the City was a nuisance, to the jury for determination.

Second syllabus:

"It is the province of the court to define a nuisance and the province of the jury to determine whether the circumstances of the particular case come within the definition of a nuisance."

See also, **Liesman v. City of Brookville, 33 Abs 189; City of Mingo Junction v. Sheline, 130 Oh St 34; Wall v. Cincinnati, 150 Oh St 411; Tolliver v. Newark, 145 Oh St 517.**

The fifth special charge requested by the defendant would have been properly given to the jury but for the requisite that the jury find "that said sidewalk along Gay Street was otherwise, in a reasonably safe condition for travel in the ordinary mode." This was not an issue upon the pleadings.

We find no prejudicial error in the action of the trial judge in refusing to direct a verdict for the defendant and in refusing to give the special charges Nos. 1 to 5, inclusive, requested by the defendant. Nor do we find any other assigned error well made.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.