**LIBERMAN, Plaintiff, v. AKRON (City), Defendant.**

Common Pleas Court, Summit County.

No. 215375. Decided March 3, 1959.

Feldman & Schneiderman, Akron, for plaintiff.
Rufus Thompson, Asst. Law Director, for defendant.

## OPINION

By WATTERS, J.

The petition of the plaintiff is filed by virtue of §723.01 R. C. (old §3714 GC), in which she complains of injury upon the so-called devil strip or park strip between the sidewalk on Lawton Street and curb. She claims the City was negligent "in that it maintained said park strip in an improper, dangerous and defective condition; that defendant failed to have curbing on said Lawton Street and maintained the grade on said street at a much lower level than the park strip, creating a danger to persons walking from the park strip to the street; that defendant negligently allowed depressions and holes to exist in the park strip; that defendant negligently allowed the said conditions to exist without any protection, fence, light, or any other safety measure to indicate danger or give notice to pedestrians walking across the park strip or without correcting such hazard."

In addition the plaintiff in paragraph (5) claimed it constituted a hazard or nuisance and that the City had notice, etc.

The main question is this: Is a municipality liable under §723.01 R. C., for injuries caused by a condition of nuisance in a park strip. (Between curb & sidewalk.)

The statute reads in substance:

"The council shall have the care, supervision and control of **public highways, streets, avenues, alleys, sidewalks, public grounds, bridges,**

**aqueducts, and viaducts,** within the corporation, and shall cause them to be kept open, in repair, and free from nuisance." (Emphasis by this court.)

This is a law in derogation of the common law and must be strictly construed, for otherwise the City is protected under the theory of governmental function. See **Wooster v. Arbenz, 116 Oh St 281** and **164 Oh St 344,** cited below.

As said in **164 Oh St 344, Insurance Company v. Fremont** at 347: "The subject matter of the statute on public highways, streets" . . . . "sidewalks," etc. . . . . "relates specifically to traditional areas used only for the purpose and means of travel. . . . ."

"It is apparent also that the terms 'street' and 'sidewalks' have the connotation, not of platted street areas, but of areas actually used by the public in travel." Then follows further noted limitations on the duty of the City, and to the specific areas to which such duty is confined.

The case last cited, **164 Oh St 344,** the City, in a street-widening transaction, through an independent contractor, the roots of a large elm on the park strip were cut in putting in a curbing, and the tree thus weakened fell upon a nearby house, damaging same. The insurance company paid the damage claim, and then sued the City, maintaining the weakened tree as a nuisance on the park strip, under §723.01 R. C.

See Syllabus 1 and 2 of said **164 Oh St 344.**

Syllabus (1):

"Except as provided by statute, municipal corporations enjoy immunity or freedom from liability for negligence in the performance or non-performance of their governmental functions."

Syllabus (2):

". . . .; and municipalities in improving or repairing streets, for whose condition for travel they are made responsible, are engaged in a governmental function."

Accordingly, the court held that the City was acting in a governmental capacity in putting in the curbing, etc., which work caused the tree to be weakened. So in the absence of a statute covering the situation creating liability, the City could not be held. The court reversed the court of appeals and affirmed the lower court and ruled against the insurance company. And the court further said:

"In the instant case, this court, applying to the statute in question, a strict construction as is required, concludes that the weakened tree did not constitute a disrepair, defect, or nuisance in the **"street"** itself, and, as a consequence, the provisions of §3714 GC (now §723.01 R. C.), did not create a liability against the defendant. Likewise, there was no liability outside the statute, because of its governmental immunity."

In other words, as this court interprets the above, the court is saying the place where the tree was, to-wit, on the park strip, was no part of the street, and the "park strip" is not included under said statute.

Another case which throws some light on the question before us is **85 Oh St 1, Barnesville v. Ward (1911).**

In this case the City was actively maintaining the park strip and had beautified the same by planting grass seed and flowers upon said strip, and in order to protect said flowers it had actively placed stakes and wires as barriers around the stakes to prevent people from crossing over the same.

The accident, however, apparently happened during the winter time, as plaintiff claimed he was coming along the sidewalk and noticed a large pile of snow on the sidewalk ahead. So he decided to cross to the other side of the Street. It was dark, and as he stepped from the sidewalk toward the park strip, his foot caught in that side of the wire nearest to and parallel to the sidewalk which had been allowed to become stretched or sagged, so that his foot caught in said wire and he was thrown and injured and sued the Village of Barnesville.

Here the City **had taken active control** over the said strip or park strip by placing flowers, etc., therein, and to protect them had actively placed the wire barrier to prevent pedestrians from crossing said strip. As I understand it also the plaintiff tripped as stated on the wire paralleling and along the outside or street side of the sidewalk. It became practically an obstruction against free use of the sidewalk.

It is significant that the Supreme Court in the **164 Oh St 344** (supra) no where even mentions the case **85 Oh St 1.**

Then following this case we have **Hubler v. City of Dayton,** where in **26 Abs 679 (Appellate, 1938),** Montgomery County basing its **decision** entirely, as I see it, on **85 Oh St 1** (supra) decided as follows:

"The strip between the sidewalk and the curb, ordinarily called the tree lawn, is a part of the highway which the City is under the statutory duty of keeping open, in repair and free from nuisance as against the usual mode of travel."

**The court on page 680** fully discusses and finds **(85 Oh St 1)** that the Supreme Court therein found that the so-called tree lawn or park strip was part of the highway as per the 1st syllabus above, although they say it is not in the syllabi of **85 Oh St 1.**

**It is significant also that the Supreme Court, in 164 Oh St 344, does not discuss or cite Hubler v. Dayton, 26 Abs 679, now under discussion.**

**Syllabus** (2) of **85 Oh St 1,** indicates that the trees, grass, and flowers in the park strip and the barrier or wire placed around them to protect them are not obstructions or nuisances within the meaning of old §3714 GC. So apparently the Supreme Court there thought and held that the statute was not applicable to the facts at all.

Nowhere in the syllabus does the court hold that the lawn strip comes under §3714 GC.

Then in the 3rd syllabus, the court says the City is liable if it actively sets up such a dangerous situation as the facts show was done.

Other courts in the opinion of this court have misinterpreted this case.

In **Richter v. The City of Columbus, 66 Abs 179** (Franklin Court of Appeals 1952, 116 N. E. 2nd 313), cited by plaintiff's counsel, **the syllabi** and facts show the cement box over which the plaintiff fell and received injuries **was placed upon the sidewalk** near the curb by the City to cover

certain exposed wires. There was no lawn strip or tree lawn, but all was sidewalk and open to pedestrian travel. There is no question that old §3714 GC, now §723.01 R. C., applies to sidewalks.

It is true that in this case the court cited with approval **Hubler v. City of Dayton, 85 Oh St 1,** both supra, which in my opinion only applied incidentally.

The court also cites **120 Oh St 127, City of Hamilton v. Dilley,** in which the facts show that the City had constructed a raised platform in the street.

The only reason that the court cited **85 Oh St 1, the Village of Barnesville case,** was for the reason that in the Village case, as in the Richter case, the municipality had actively created a nuisance in the former by putting wires along the sidewalk and lawn strip, and in the latter the City had actively placed the obstruction over the exposed wires in the sidewalk.

For the reasons stated above, the court sustains the demurrer, with exceptions to the plaintiff.